UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NANCY O'LOUGHLIN,<br>    Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 04-10933 JLT |
| MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY,<br>JOSEPH CARTER, and MICHAEL<br>MULHERN,<br>    Defendants. | ) ) ) ) ) ) | |

## ANSWER TO COMPLAINT OF DEFENDANTS MASSACHUSETTS BAY TRANSPORTATION AUTHORITY AND JOSEPH CARTER

Defendants Massachusetts Bay Transportation Authority ("the Authority") and Joseph

Carter (collectively, "Defendants") respond to plaintiff's Complaint, by corresponding paragraph

number, as follows:

## I.    INTRODUCTION

1.    The allegations set forth in the first sentence of paragraph 1 are descriptive of

plaintiff's lawsuit, for which no response is required, and to the extent a response is required,

denied.  Defendants admit that plaintiff is a female who works for the Authority police

department and that she was a lieutenant at the time her complaint was filed.  Further answering,

defendants admit that Joseph Carter has been the Chief of the Authority Police Department for a

certain period of time and that Michael Mulhern has been the General Manager of the Authority

for a certain period of time, pointing out that the term "at all times relevant to this Complaint" is

vague and ambiguous.  Defendants deny the allegations in the fifth sentence of paragraph 1.

2.      The allegations set forth in paragraph 2 are descriptive of the plaintiff's basis for invoking the jurisdiction of this Court, for which no response is required, and to the extent a response is required, denied.

3.      The allegations set forth in the first sentence of paragraph 3 are descriptive of the plaintiff's basis for venue in this Court and advance legal conclusions to which no response is required, and to the extent a response is required, denied.  Defendants admit that certain records pertaining to defendant's employment with the Authority are located within Boston, Suffolk County, Massachusetts.

4.      Defendants admit that at some point in time plaintiff filed a charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and with the U.S. Equal Employment Opportunity Commission ("EEOC"); the remaining allegations in paragraph 4 advance a legal conclusion to which no response is required, and to the extent a response is required, denied.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, except that defendants admit that a Notice of Right to Sue issued by the EEOC was appended to the complaint.

6.      Defendants admit that plaintiff is a female but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6.

7.      Defendants admit that the Authority is an authority of the Commonwealth of Massachusetts, established by Massachusetts G.L. c. 161A, § 2, and that its administrative offices are located in Boston, Suffolk County, Massachusetts.  The remaining allegations in paragraph 7 advance legal conclusions to which no response is required, and to the extent that a

response is required, denied; further answering, defendants point out that the phrase "[A]t all times relevant to this Complaint" in the third sentence is vague and ambiguous.

8.      Defendants admit the allegations in the first sentence of paragraph 8. Defendants further admit that Defendant Carter has been the Chief and a manager and supervisor of the Authority Police Department for a certain period of time, pointing out that the phrase "[A]t all times relevant to this Complaint" is vague and ambiguous; further answering, defendants deny the remaining allegations in the second sentence of paragraph 8. The third sentence of paragraph 8 is a description of plaintiff's intent to sue Defendant Carter in his individual capacity, to which no response is required, and to the extent a response is required, denied.

9.      The allegations in paragraph 9 are not directed to defendants, and on that basis are denied.

10.     Defendants admit that plaintiff was a recipient of the George L. Hanna Medal of Valor; defendants deny the remaining allegations in paragraph 10, pointing out that the phrase "[A]t all times relevant to this complaint" is vague and ambiguous.

11.     Defendants admit that plaintiff began working for the Authority as a patrol officer in November 1983, that she was promoted to the rank of lieutenant in 1996, and that she has received awards and commendations during her career with the Authority Police Department; defendants deny the remaining allegations in paragraph 11.

12.     Defendants admit that plaintiff achieved the rank of lieutenant in 1996 and that for certain periods of time she served as a supervisor in the Patrol Division, in the Anti-Crime Unit, and in the Detective Division; defendants deny the remaining allegations in paragraph 12.

13.     Defendants admit the allegations in the first and second sentences of paragraph 13. Defendants admit that at some point in time, Defendant Carter disbanded the division within

the Detective Unit that plaintiff supervised, that she was assigned to command the entire

Detective Unit on the day shift, and that in that position, plaintiff's duties, for the most part, were

to be performed inside the police station; defendants deny the remaining allegations in the third

and fourth sentences of paragraph 13, pointing out that the term "desk job" is vague and

ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in the fifth sentence of paragraph 13.  Defendants admit that at times,

a sergeant had performed some of the duties of day shift commander of the detective unit prior to

plaintiff's assignment to the position; defendants deny the remaining allegations in the sixth

sentence of paragraph 13.  Defendants admit that plaintiff did not lose rank or salary on account

of the assignment; further answering, defendants deny the remaining allegations in the seventh

sentence of paragraph 13.  Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in the eighth sentence of paragraph 13.

14.    Defendants admit that plaintiff served as the day shift commander of the Detective

Unit from February through August 2003 and that she was then assigned to command the Detail

Unit.  Defendants admit that plaintiff's assignment to command the Detail Unit did not constitute

a reduction in rank or salary; defendants deny the remaining allegations in the third sentence of

paragraph 14.  Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in the fourth sentence of paragraph 14.

15.    Defendants deny the allegations in the first and second sentences of paragraph 15.

Defendants admit that at times, patrol officers and sergeants had performed some of the duties of

Detail Unit Commander; defendants deny the remaining allegations in the third sentence of

paragraph 15.  Defendants deny the allegations in the fourth sentence of paragraph 15.

16.    Defendants admit that plaintiff was succeeded in the position of day shift commander of the Detective Unit by both male and female lieutenants; further answering, defendants deny the remaining allegations in paragraph 16.

17.    The allegations in paragraph 17 are introductory and do not require a response and to the extent a response is required, denied.

1.    Defendants deny the allegations in paragraph 17(1).

2.    Defendants deny the allegations in the first sentence of paragraph 17(2), pointing out that the terms "refused to support", "inappropriate", and insubordinate" are vague and ambiguous.  Defendants deny the allegations in the second sentence of paragraph 17(2).

3.    Defendants admit that plaintiff has occasionally testified in court relative to graffiti related crime on behalf of the Authority, that she was reassigned to the Detail Unit and informed that the responsibilities of her new position did not include investigating or testifying regarding graffiti, and that plaintiff was told that another officer would assume those responsibilities; defendants deny the remaining allegations in paragraph 17(3).

4.    Defendants deny the allegations in paragraph 17(4).

5.    Defendants admit that plaintiff was assigned to the Detail Unit; further answering, defendants deny the remaining allegations in paragraph 17(5).

6.    Defendants admit that plaintiff sometimes arrived at work inappropriately dressed and that on one occasion, Defendant Carter instructed plaintiff's supervisor to counsel her on the appropriate dress; defendants deny the remaining allegations in paragraph 17(6).

7.    Defendants admit that over the course of her employment, plaintiff has sometimes taken six weeks off, from Thanksgiving through Christmas; defendants deny the remaining allegations in paragraph 17(7).

5

18.    Defendants deny the allegations in paragraph 18.

19.    Defendants deny the allegations in the first sentence of paragraph 19.  The second sentence of paragraph 19 is an introductory statement to which no response is required, and to the extent that a response is required, denied.

1.    Defendants deny the allegations in paragraph 19(1), pointing out that the phrase "for a long period of time" is vague and ambiguous.

2.    Defendants deny the allegations in paragraph 19(2).

3.    Defendants deny the allegations in paragraph 19(3), pointing out that the phrase "for a long period of time" is vague and ambiguous.

4.    Defendants deny the allegations in paragraph 19(4), pointing out that the phrase "for a long period of time" is vague and ambiguous.

5.    Defendants deny the allegations in paragraph 19(5), pointing out that the phrase "for a long period of time" is vague and ambiguous.

6.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19(6).

7.    The term "distasteful" in paragraph 19(7) is vague and ambiguous and on those bases, defendants deny the allegations in paragraph 19(7).

8.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19(8).

20.    The allegations in the first sentence of paragraph 20 advance legal conclusions to which no response is required, and to the extent that a response is required, denied.  Defendants deny that plaintiff was subjected to "improper conduct" or "unfair treatment" and on that basis deny the allegations in the second sentence of paragraph 20.  The allegations in the third

sentence of paragraph 20 advance legal conclusions to which no response is required, and to the extent that a response is required, denied.

21.     The allegations in paragraph 21 advance legal conclusions to which no response is required, and to the extent that a response is required, denied.

22.     The allegations in the first sentence of paragraph 22 advance legal conclusions to which no response is required, and to the extent that a response is required, denied.  Defendants deny the allegations in the second sentence of paragraph 22.

23.     Defendants admit that at some point in time plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination.  Defendants admit the allegations in the second sentence of paragraph 23.  Defendants admit that a response to the Charge of Discrimination was filed on or about March 8, 2004.

24.     Defendants admit that on March 8, 2004, plaintiff was relieved of duty with pay, assigned to duty at her home, and relieved of her gun, badge, Authority identification card, and cruiser; defendants deny the remaining allegations in paragraph 24.

25.     Defendants deny the allegations in paragraph 25 as written, except that defendants admit that plaintiff received a written explanation for the reasons she was being relieved of duty with pay, which written explanation speaks for itself.

26.     Defendants deny the allegations in paragraph 26, pointing out that the phrase "[s]tatements far more harsh" in the third sentence of paragraph 26 is vague and ambiguous.

27.     Defendants admit that at the time plaintiff was relieved of duty with pay, several members of the Special Operations Team were located in strategic positions throughout the area of the police station in which the command staff offices are located.  Defendants admit the

allegations in the second sentence of paragraph 27.  Defendants deny the remaining allegations in paragraph 27.

28.    Defendants deny the allegations in the first and second sentences of paragraph 28, pointing out that the term "conduct much more serious" is vague and ambiguous.  Defendants admit that at some point in the past, a male superior officer was reprimanded for making disparaging remarks about other superior officers; defendants deny the remaining allegations in paragraph 28.

29.    Defendants admit that an article related to certain Authority police officers being relieved of duty with pay appeared on March 11, 2004 in the *Boston Globe* newspaper, which article speaks for itself; defendants deny the remaining allegations in paragraph 29.

30.    Defendants neither admit nor deny the allegations in paragraph 30 as the allegations are not directed to them; to the extent the allegations are directed to them, denied.

31.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 31.  Defendants neither admit nor deny the remaining allegations in paragraph 31 as the allegations are not directed to them; to the extent the allegations are directed to them, denied.

32.    Defendants deny the allegations in paragraph 32.

33.    Defendants deny the allegations in paragraph 33.

34.    The allegations in paragraph 34 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

35.    The allegations in the first and second sentences of paragraph 35 advance legal conclusions for which no response is required, and to the extent a response is required, denied. Defendants deny the remaining allegations in paragraph 35.

36.     The allegations in paragraph 36 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

37.     The allegations in paragraph 37 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

38.     The allegations in paragraph 38 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

**COUNT I:**          **AGAINST MBTA AND JOSEPH CARTER FOR DISCRIMINATION ON THE BASIS OF GENDER IN VIOLATION OF M.G.L. c. 151B**

39.     Defendants repeat and incorporate their answers to paragraphs 1 to 38, above, as if fully set forth herein.

40.     The allegations in paragraph 40 advance legal conclusions for which no response is required, and to the extent a response is required, denied.


The next paragraph of plaintiff's complaint concerns her prayer for relief, for which no response is required; to the extent any response is appropriate, defendants deny that plaintiff is entitled to any of the relief requested.

**COUNT II**          **AGAINST MBTA FOR DISCRIMINATION ON THE BASIS OF GENDER IN VIOLATION OF 42 USC § 2000e**

41.     Defendants repeat and incorporate their answers to paragraphs 1 to 40, above, as if fully set forth herein.

42.     The allegations in paragraph 42 advance legal conclusions for which no response is required, and to the extent a response is required, the Authority denies the allegations; Defendant Carter neither admits nor denies the allegations in paragraph 42, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

9

The next paragraph of plaintiff's complaint concerns her prayer for relief against the Authority, for which no response is required; to the extent any response is appropriate, the Authority denies that plaintiff is entitled to any of the relief requested; Defendant Carter neither admits nor denies the allegations of this paragraph as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

**COUNT III**          **AGAINST MBTA, CARTER AND MULHERN FOR RETALIATION IN VIOLATION OF M.G.L. c. 151B**

43.    Defendants repeat and incorporate their answers to paragraphs 1 to 42, above, as if fully set forth herein.

44.    Defendants deny the allegations in paragraph 44.

45.    The allegations in paragraph 45 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

46.    The allegations in paragraph 46 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

47.    The allegations in paragraph 47 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

48.    The allegations in paragraph 48 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

49.    The allegations in paragraph 49 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

The next paragraph of plaintiff's complaint concerns her prayer for relief, for which no response is required; to the extent any response is appropriate, defendants deny the plaintiff is entitled to any of the relief requested.

**COUNT IV**          **AGAINST MBTA FOR RETALIATION IN VIOLATION OF 42 USC Section 2000e**

50.    Defendants repeat and incorporate their answers to paragraphs 1 to 49, above, as if fully set forth herein.

51.    Defendants deny the allegations in paragraph 51.

52.    The allegations in paragraph 52 advance legal conclusions to which no response is required, and to the extent a response is required, denied.

53.    The allegations in paragraph 53 advance legal conclusions to which no response is required, and to the extent a response is required, denied.

54.    The allegations in paragraph 54 advance legal conclusions, to which no response is required, and to the extent a response is required, denied.

55.    The allegations in paragraph 55 advance legal conclusions to which no response is required, and to the extent a response is required, denied.

56.    The allegations in paragraph 56 advance legal conclusions to which no response is required, and to the extent a response is required, denied.


The next paragraph of plaintiff's complaint concerns her prayer for relief against the Authority, for which no response is required; to the extent any response is appropriate, Defendant Authority denies that plaintiff is entitled to any of the relief requested; Defendant Carter neither admits nor denies the allegations of this paragraph as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

11

**COUNT V**        **AGAINST CARTER FOR VIOLATION OF 42 USC § 1983**

57.    Defendants repeat and incorporate their answers to paragraphs 1 to 56, above, as if fully set forth herein.

58.    The allegations in paragraph 58 advance legal conclusions to which no response is required, and to the extent a response is required, Defendant Carter denies the allegations; Defendant Authority neither admits nor denies the allegations in paragraph 58, as the allegations are not directed to it; to the extent the allegations are directed to the Authority, denied.

59.    The allegations in paragraph 59 advance legal conclusions to which no response is required, and to the extent a response is required, Defendant Carter denies the allegations; Defendant Authority neither admits nor denies the allegations in paragraph 59, as the allegations are not directed to it; to the extent the allegations are directed to the Authority, denied.

60.    The allegations in paragraph 60 advance legal conclusions to which no response is required, and to the extent any response is required, Defendant Carter denies the allegations; Defendant Authority neither admits nor denies the allegations in paragraph 60, as the allegations are not directed to it; to the extent the allegations are directed to the Authority, denied.


The next paragraph of plaintiff's complaint concerns her prayer for relief against the Defendant Carter, for which no response is required; to the extent any response is appropriate, Defendant Carter denies that plaintiff is entitled to any of the relief requested; the Authority neither admits nor denies the allegations of this paragraph as the allegations are not directed to it; to the extent the allegations are directed to the Authority, denied.

**COUNT VI**          **AGAINST CARTER FOR VIOLATION OF M.G.L. C. 12 § 11**

61.     Defendants repeat and incorporate their answers to paragraphs 1 to 60, above, as if fully set forth herein.

62.     The allegations in paragraph 62 advance legal conclusions to which no response is required, and to the extent a response is required, Defendant Carter denies the allegations; Defendant Authority neither admits nor denies the allegations in paragraph 62, as the allegations are not directed to it; to the extent the allegations are directed to the Authority, denied.

63.     Defendant Carter denies the allegations in the first two sentences of paragraph 63. The allegations in the third sentence of paragraph 63 advance legal conclusions to which no response is required, and to the extent a response is required, Defendant Carter denies the allegations.  Defendant Authority neither admits nor denies the allegations in paragraph 63, as the allegations are not directed to it; to the extent the allegations are directed to the Authority, denied.

64.     The allegations in paragraph 64 advance legal conclusions to which no response is required, and to the extent a response is required, Defendant Carter denies the allegations; Defendant Authority neither admits nor denies the allegations in paragraph 64, as the allegations are not directed to it; to the extent the allegations are directed to the Authority, denied.

65.     The allegations in paragraph 65 advance legal conclusions to which no response is required, and to the extent any response is required, Defendant Carter denies the allegations; Defendant Authority neither admits nor denies the allegations in paragraph 65, as the allegations are not directed to it; to the extent the allegations are directed to the Authority, denied.

The next paragraph of plaintiff's complaint concerns her prayer for relief against Defendant Carter, for which no response is required; to the extent any response is appropriate, Defendant Carter denies that plaintiff is entitled to any of the relief requested; the Authority neither admits nor denies the allegations of this paragraph as the allegations are not directed to it; to the extent the allegations are directed to the Authority, denied.

**COUNT VII**          **AGAINST MULHERN FOR VIOLATION OF 42 USC § 1983**

66.    Defendants repeat and incorporate their answers to paragraphs 1 to 65, above, as if fully set forth herein.

67.    The allegations in paragraph 67 are not directed to defendants, and on that basis are denied.

68.    The allegations in paragraph 68 are not directed to defendants, and on that basis are denied.

69.    The allegations in paragraph 69 are not directed to defendants, and on that basis are denied.


The next paragraph of plaintiff's complaint concerns her prayer for relief against Defendant Mulhern and is not directed to defendants, and on that basis the allegations in this paragraph are denied.

**COUNT VIII**          **AGAINST MULHERN FOR VIOLATION OF M.G.L. c. 12 § 11**

70.    Defendants repeat and incorporate their answers to paragraphs 1 to 69, above, as if fully set forth herein.

71.    The allegations in paragraph 71 are not directed to defendants, and on that basis are denied.

14

72.    The allegations in paragraph 72 are not directed to defendants, and on that basis are denied.

73.    The allegations in paragraph 73 are not directed to defendants, and on that basis are denied.

74.    The allegations in paragraph 74 are not directed to defendants, and on that basis are denied.

The next paragraph of plaintiff's complaint concerns her prayer for relief against Defendant Mulhern and is not directed to defendants, and on that basis the allegations in this paragraph are denied.

**COUNT IX           AGAINST MULHERN FOR SLANDER AND DEFAMATION**

75.    Defendants repeat and incorporate their answers to paragraphs 1 to 74, above, as if fully set forth herein.

76.    The allegations in paragraph 76 are not directed to defendants, and on that basis are denied.

77.    The allegations in paragraph 77 are not directed to defendants, and on that basis are denied.

78.    The allegations in paragraph 78 are not directed to defendants, and on that basis are denied.

79.    The allegations in paragraph 79 are not directed to defendants, and on that basis are denied.

The next paragraph of plaintiff's complaint concerns her prayer for relief against Defendant Mulhern and is not directed to defendants, and on that basis the allegations in this paragraph are denied.

**COUNT X**          **AGAINST MBTA FOR SLANDER AND DEFAMATION**

80. Defendants repeat and incorporate their answers to paragraphs 1 to 79, above, as if fully set forth herein.

81. The allegations in paragraph 81 advance legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied by Defendant Authority; Defendant Carter neither admits nor denies the allegations in paragraph 81, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

82. The allegations in paragraph 82 advance legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied by Defendant Authority; Defendant Carter neither admits nor denies the allegations in paragraph 82, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

83. The allegations in paragraph 83 advance legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied by Defendant Authority; Defendant Carter neither admits nor denies the allegations in paragraph 83, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

84. The allegations in paragraph 84 advance legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied by Defendant Authority; Defendant Carter neither admits nor denies the allegations in paragraph 84, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

85.    The allegations in paragraph 85 advance legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied by Defendant Authority; Defendant Carter neither admits nor denies the allegations in paragraph 85, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

The next paragraph of plaintiff's complaint concerns her prayer for relief against the Authority, for which no response is required; to the extent any response is appropriate, the Authority denies that plaintiff is entitled to any of the relief requested; Defendant Carter neither admits nor denies the allegations of this paragraph as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

## DEMAND FOR JURY TRIAL

Defendants request a trial by jury on all counts of plaintiffs' complaint so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Complaint is barred, wholly or in part, by the applicable statutes of limitations.

### Third Affirmative Defense

The Complaint is barred, wholly or in part, by the doctrine of laches.

### Fourth Affirmative Defense

Plaintiff's claim under 42 U.S.C. § 1983 against Defendant Carter is barred because plaintiff's exclusive federal remedy for alleged discrimination is a claim under Title VII.

17

**Fifth Affirmative Defense**

Defendant Carter is entitled to qualified immunity under 42 U.S.C. § 1983 and under the Massachusetts Civil Rights Act because he did not violate any of plaintiff's clearly established statutory or constitutional rights.

**Sixth Affirmative Defense**

Defendant Carter is entitled to qualified immunity under 42 U.S.C. § 1983 and under the Massachusetts Civil Rights Act because all of his actions were objectively reasonable.

**Seventh Affirmative Defense**

Defendant Carter is entitled to qualified immunity under 42 U.S.C. § 1983 and under the Massachusetts Civil Rights Act because a reasonable police officer in his position would not have believed that his actions violated any of plaintiff's clearly established rights.

**Eighth Affirmative Defense**

Defendant Carter is not liable for violations of the Massachusetts Civil Rights Act because G.L. c. 151B is plaintiff's exclusive state law remedy for alleged discrimination.

**Ninth Affirmative Defense**

The Authority is not liable to plaintiff for punitive damages because it made good-faith efforts to comply with all anti-discrimination laws by establishing and following anti-discrimination policies and procedures.

**Tenth Affirmative Defense**

Plaintiff cannot recover punitive damages against the Authority because it is considered a municipality.

### Eleventh Affirmative Defense

Plaintiff's complaint is barred, wholly or in part, by her failure to pursue and exhaust all required administrative remedies in a timely and proper manner.

### Twelfth Affirmative Defense

Plaintiff cannot recover damages against the Authority on her discrimination claims because the Authority took all reasonable measures to prevent, investigate, and remediate any matter brought to its attention.

### Thirteenth Affirmative Defense

Plaintiff is not entitled to damages on her discrimination claims because she unreasonably failed to take advantage of the preventative and corrective opportunities provided by the Authority.

### Fourteenth Affirmative Defense

Plaintiff failed to mitigate her damages.

### Fifteenth Affirmative Defense

Plaintiff cannot prevail on her claims of slander and defamation because the Authority has a privilege to publish certain information regarding her employment.

### Sixteenth Affirmative Defense

Plaintiff cannot prevail on her claims of slander and defamation because she is a public figure.

Defendants reserve the right to amend their Answer and add additional affirmative defenses as discovery and investigation may warrant.

**WHEREFORE**, Defendants Authority and Carter ask this Court to dismiss this action in its entirety and enter judgment, with costs and attorneys' fees, for the defendants together with such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted,

MASSACHUSETTS BAY TRANSPORTATION
AUTHORITY and JOSEPH CARTER,

By Their Attorneys,

/s/ Joseph L. Edwards Jr.
Walter B. Prince (BBO #406640)
Laurie F. Rubin (BBO #564947)
Joseph L. Edwards, Jr. (BBO #564288)
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA  02109
(617) 456-8000

Dated:  November 29, 2004