UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| NANCY O'LOUGHLIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 04-10933 JLT |
| MASSACHUSETTS BAY | ) | |
| TRANSPORTATION AUTHORITY | ) | |
| and | ) | |
| JOSEPH CARTER | ) | |
| and | ) | |
| MICHAEL MULHERN, | ) | |
| | ) | |
| Defendant | ) | |

_____)

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MICHAEL MULHERN

Defendant Michael Mulhern ("Mulhern") responds to the Complaint filed by Plaintiff Nancy O'Loughlin ("Plaintiff"), as follows:

### FIRST DEFENSE

**INTRODUCTION**

1.      The allegations contained in the first sentence of Paragraph 1 are legal conclusions to which no response is required, but to the extent a response is required, Mulhern denies them. Mulhern admits the allegations contained in the second, third and fourth sentences of Paragraph 1. Mulhern denies the allegations contained in the fifth sentence of Paragraph 1.

**JURISDICTION AND VENUE**

2.      The allegations contained in Paragraph 2 are legal conclusions to which no response is required. Further answering, Mulhern says that he has challenged supplemental jurisdiction in a Motion to Dismiss, but that the Court has rejected that argument at this point in the proceedings.

3.      In response to the allegations contained in Paragraph 3, Mulhern admits that venue is

proper in Suffolk Country and that the plaintiff's employment records are located in Suffolk County.  Mulhern denies that any illegal employment practices occurred in Suffolk County, or elsewhere.

4.      Mulhern admits that Plaintiff filed a Complaint of Discrimination with the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission on or about October 17, 2003 but denies the remaining allegations contained in Paragraph 4, and therefore denies them.

5.      Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

**THE PARTIES**

6.      Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 6.  Mulhern admits the allegations contained in the second and third sentence of Paragraph 6.

7.      Answering Paragraph 7, Mulhern admits that Defendant Massachusetts Bay Transportation Authority ("MBTA") is an authority of the Commonwealth of Massachusetts and that its principal place of business is located in Boston, Suffolk County, Massachusetts.  The remaining allegations contained in Paragraph 7 are legal conclusions to which no response is required, but to the extent a response is required, Mulhern denies them.  Further answering, Mulhern says that the phrase "at all times relevant to this litigation" is undefined, and is therefore vague and ambiguous.

8.      Mulhern  admits the allegations contained in the first sentence of Paragraph 8.  Mulhern admits that, at a point in time, Defendant Joseph Carter ("Carter") became Chief of the MBTA Police Department and one of the supervisors and managers of the MBTA Police Department, says that the phrase "at all times relevant to this litigation is undefined and therefore vague and

ambiguous, and denies the remaining allegations contained in the second sentence of Paragraph 8. The allegations contained in the last sentence of Paragraph 8 are legal conclusions to which no response is required.

9.      Mulhern admits the allegations contained in the first sentence of Paragraph 9. Mulhern admits that, since a point in time, he has been the General Manager of the MBTA, but says that the phrase "at all times relevant to this Complaint is undefined and therefore vague and ambiguous, and denies the remaining allegations contained in the second sentence of Paragraph 9. The allegations contained in the last sentence of Paragraph 9 are legal conclusions to which no response is required.

10.      Mulhern denies the allegations contained in the first sentence of Paragraph 10. Mulhern admits that O'Loughlin has been a recipient of the Massachusetts Hanna Medal, but is without knowledge or information sufficient to admit or deny the remaining allegations contained in the second sentence of Paragraph 10.

**FACTUAL BACKGROUND**

11.      Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, other than to admit that O'Loughlin held the rank of Lieutenant when Mulhern became the General Manager of the MBTA.

12.      Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, other than to admit that O'Loughlin held the rank of Lieutenant when Mulhern became the General Manager of the MBTA. Mulhern defers to defendant MBTA as to the accuracy of all other allegations concerning O'Loughlin's roles and responsibilities.

13.      Mulhern admits the allegations contained in the first two sentences in Paragraph 13, and further admits that O'Loughlin was moved to the position of Detective Unit Commander after

the division in which O'Loughlin theretofore served was disbanded.  Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 13, and defers to defendant Carter with regard to such allegations, except to deny that there was any effort to marginalize O'Loughlin's role or show disrespect to her.

14.    Mulhern admits that O'Loughlin served as the Detective Unit Commander for some period of time, and that she then became the head of the Detail Unit without reduction in rank or salary as alleged in paragraph 14.  Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 14.

15.    Mulhern denies the allegations contained in the first and last sentences of  Paragraph 15, and so much of the third sentence as suggests that the position was filled as a "punishment". Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15,.

16.    Mulhern denies the allegations contained in Paragraph 16, except that he admits that O'Loughlin was succeeded by both male and female Lieutenants.

17.    Mulhern denies that O'Loughlin has been discriminated against due to her gender. Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations contained in the numbered subparagraphs of Paragraph 17, and defers to the Answer of defendant Carter, to whom such allegations relate.

18.    Mulhern denies the allegations contained in Paragraph 18.

19.    Mulhern denies that O'Loughlin has been subjected to gender discrimination during the period for which he has knowledge (to wit, his tenure as General Manager at the MBTA). Mulhern lacks knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 19, as to all other time periods.

20.    To the extent that Paragraph 20 states allegations, as opposed to legal conclusions, Mulhern denies the allegations contained in Paragraph 20.

21.    Mulhern denies the allegations contained in Paragraph 21 to the extent that they relate to the time period for which he has knowledge, to wit, his tenure as General Manager of the MBTA.  Mulhern lacks knowledge or information sufficient to respond to the allegations relating to other time periods.

22.    Mulhern denies the allegations contained in Paragraph 22 to the extent that they relate to the time period for which he has knowledge, to wit, his tenure as General Manager of the MBTA.   Mulhern lacks knowledge or information sufficient to respond to the allegations relating to other time periods.

23.    In response to  Paragraph 23, Mulhern admits that Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination on or about October 17, 2003 (the "Charge"), that the MBTA and Carter were named as defendants in the Charge, and that the MBTA and Carter filed an answer to the Charge on or about March 8, 2004, but denies the remaining allegations contained in Paragraph 23

24.    Mulhern admits that Plaintiff was relieved of duty with pay and assigned to home duty on or about March 8, 2004, and that her gun, badge, identification card, and cruiser were taken away at that time, but denies the remaining allegations contained in Paragraph 24.

25.    Mulhern admits that O'Loughlin was provided with a written explanation for the actions taken  as alleged in Paragraph 25, but says that the explanation speaks for itself, and therefore denies any characterizations thereof.

26.    Mulhern denies the allegations contained in Paragraph 26.  Further answering, Mulhern says that the phrases "matters of public concern" and "far more harsh" are vague and ambiguous.

27.    Mulhern admits, on information and belief, that SOT Officers were stationed in and around the office of Chief Carter at the time that O'Loughlin was informed of the allegations against her as alleged in Paragraph 27.  Mulhern denies all other allegations contained in Paragraph 27.

28.    Mulhern denies the allegations contained in Paragraph 28, except to say that he is without knowledge or information sufficient to respond to the allegation regarding written reprimands for past conduct of other officers.

29.    Mulhern says that the Globe article is a document that speaks for itself, and Mulhern therefore denies the characterizations thereof contained in Paragraph 29.

30.    Mulhern denies the allegations contained in Paragraph 30 that he defamed O'Loughlin, conveyed false information regarding O'Loughlin, or otherwise engaged in any wrongful conduct.  Further answering, Mulhern says that he was contacted by a reporter from The Boston Globe, who inquired whether O'Loughlin was involved in a certain matter, and that Mulhern refused to confirm O'Loughlin's involvement and expressly informed the reporter that O'Loughlin was not the subject of any criminal investigation.  Mulhern denies all remaining allegations contained in paragraph 30, except that he admits that he was named as a Defendant in a lawsuit filed by former MBTA Police Chief Thomas O'Loughlin.

31.    Mulhern denies the allegations contained in Paragraph 31.  Further answering, Mulhern says that he recalls only one occasion, at an earlier point in time, when a reporter from the Bay State Banner called about O'Loughlin in connection with a different matter from that covered in the Globe article.  On that occasion, Mulhern defended O'Loughlin from charges asserted by members of the public.

32.    Mulhern denies the allegations contained in Paragraph 32.

33.     Mulhern denies the allegations contained in Paragraph 33.

34.     Mulhern says that the allegations contained in Paragraph 34 constitute legal conclusions to which no response is required.  To the extent that a response is deemed necessary, Mulhern denies the allegations.

35.     Mulhern denies the allegations contained in Paragraph 35.

36.     Mulhern denies the allegations contained in Paragraph 36.

37.     Mulhern denies the allegations contained in Paragraph 37.

38.     Mulhern denies the allegations contained in Paragraph 38.

## <u>COUNT I</u>     AGAINST MBTA AND JOSEPH CARTER FOR DISCRIMINATION ON THE BASIS OF GENDER IN VIOLATION OF M.G.L. c.151B

39.     Mulhern repeats and reasserts all responses to Paragraphs 1 through 38 as if they were stated in full herein.

40.     The allegations contained in Paragraph 40 are not directed to Mulhern and no response is therefore appropriate from him.

## <u>COUNT II</u>     AGAINST MBTA FOR DISCRIMINATION ON THE BASIS OF GENDER IN VIOLATION OF 42 USC §2000e

41.     Mulhern repeats and reasserts all responses to Paragraphs 1 through 40 as if they were stated in full herein.

42.     The allegations contained in Paragraph 42 are not directed to Mulhern, and no response is therefore appropriate from him.

## <u>COUNT III</u>   AGAINST MBTA, CARTER AND MULHERN FOR RETALIATION IN VIOLATION OF M.G.L. c.151B

43.     Mulhern repeats and reasserts all responses to Paragraphs 1 through 42 as if they were stated in full herein.

44.     Mulhern denies the allegations contained in Paragraph 44 to the extent, if at all, they are

directed towards him, and to the extent the allegations contained in Paragraph 44 are directed to defendants other than Mulhern, no response is appropriate from him.

45.    The allegations contained in the first sentence of Paragraph 45 constitute statements of legal conclusion to which no response is required, and, to the extent that a response is deemed required, the allegations are denied. Mulhern denies the allegations contained in the second sentence of Paragraph 45.

46.    The allegations contained in Paragraph 46 constitute statements of legal conclusions to which no response is necessary, and, to the extent that a response is deemed necessary, the allegations are denied..

47.    Mulhern denies the allegations contained in Paragraph 47 to the extent they are directed toward him.  To the extent that they are directed toward others, no response is appropriate from him.

48.    Mulhern denies the allegations contained in Paragraph 48 to the extent they are directed toward him.  To the extent that they are directed toward others, no response is appropriate from him.

49.    Mulhern denies the allegations contained in Paragraph 49 to the extent they are directed toward him.  To the extent that they are directed toward others, no response is appropriate from him.

## COUNT IV    AGAINST MBTA FOR RETALIATION IN VIOLATION OF 42 USC Section 2000e

50.    Mulhern repeats and reasserts all responses to Paragraphs 1 through 49 as if they were stated in full herein.

51.    The allegations contained in Paragraph 51 are not directed toward Mulhern, and no response is therefore appropriate from him. To the extent that any such allegations are intended

to relate to Mulhern, they are denied.

52.    The allegations contained in Paragraph 52 are not directed toward Mulhern, and no response is therefore appropriate from him.  To the extent that any such allegations are intended to relate to Mulhern, they are denied.

53.    The allegations contained in Paragraph 53 are not directed toward Mulhern, and no response is therefore appropriate from him.  To the extent that any such allegations are intended to relate to Mulhern, they are denied.

54.    The allegations contained in Paragraph 54 are not directed toward Mulhern, and no response is therefore appropriate from him. To the extent that any such allegations are intended to relate to Mulhern, they are denied.

55.    The allegations contained in Paragraph 55 are not directed toward Mulhern, and no response is therefore appropriate from him.  To the extent that any such allegations are intended to relate to Mulhern, they are denied.

56.    Mulhern denies the allegations contained in Paragraph 56 to the extent they are directed towards him.  To the extent the allegations are directed to defendants other than Mulhern, no response is appropriate from him.

## <u>COUNT V</u>    AGAINST CARTER FOR VIOLATION OF 42 USC §1983

57.    Mulhern repeats and reasserts all responses to Paragraphs 1 through 56 as if they were stated in full herein.

58.    The allegations contained in Paragraph 58 are not directed toward Mulhern, and no response is therefore appropriate from him.

59.    The allegations contained in Paragraph 59 are not directed toward Mulhern, and no response is therefore appropriate from him.

60.    The allegations contained in Paragraph 60 are not directed toward Mulhern, and no

response is therefore appropriate from him.

## COUNT VI    AGAINST CARTER FOR VIOLATION OF M.G.L. c.12 §11

61.    Mulhern repeats and reasserts all responses to Paragraphs 1 through 60 as if they were stated in full herein.

62.    The allegations contained in Paragraph 62 are not directed toward Mulhern, and no response is therefore appropriate from him.

63.    The allegations contained in Paragraph 63 are not directed toward Mulhern, and no response is therefore appropriate from him.

64.    The allegations contained in Paragraph 64 are not directed toward Mulhern, and no response is therefore appropriate from him.

65.    The allegations contained in paragraph 65 are not directed toward Mulhern, and no response is therefore appropriate from him.

## COUNT VII   AGAINST MULHERN FOR VIOLATION OF 42 USC §1983

66.    Mulhern repeats and reasserts all responses to Paragraphs 1 through 65 as if they were stated in full herein.

67.    Mulhern denies the allegations contained in Paragraph 67.

68.    Mulhern denies the allegations contained in Paragraph 68.

69.    Mulhern denies the allegations contained in Paragraph 69.

## COUNT VIII AGAINST MULHERN FOR VIOLATION OF M.G.L. c.12 §11

70.    Mulhern repeats and reasserts all responses to Paragraphs 1 through 69 as if they were stated in full herein.

71.    Mulhern denies the allegations contained in Paragraph 71.

72.    Mulhern denies the allegations contained in Paragraph 72.

73.    Mulhern denies the allegations contained in Paragraph 73.

74.    Mulhern denies the allegations contained in Paragraph 74.

## COUNT IX    AGAINST MULHERN FOR SLANDER AND DEFAMATION

75.    Mulhern repeats and reasserts all responses to Paragraphs 1 through 74 as if they were stated in full herein.

76.    Mulhern denies the allegations contained in Paragraph 76.

77.    Mulhern denies the allegations contained in Paragraph 77.

78.    Mulhern denies the allegations contained in Paragraph 78.

79.    Mulhern denies the allegations contained in Paragraph 79.

## COUNT X    AGAINST MBTA FOR SLANDER AND DEFAMATION

80.    Mulhern repeats and reasserts all responses to Paragraphs 1 through 79 as if they were stated in full herein.

81.    Mulhern denies the allegations contained in Paragraph 81 to the extent they are directed toward him.  To the extent they are directed toward others, no response is appropriate from him.

82.    Mulhern denies the allegations contained in Paragraph 82 to the extent they are directed toward him,.  To the extent that they are directed toward others, no response is appropriate from him.

83.    Mulhern denies the allegations contained in Paragraph 83 to the extent they are directed toward him.  To the extent that they are directed toward others, no response is appropriate from him.

84.    Mulhern denies the allegations contained in Paragraph 84 to the extent they are directed toward him. To the extent that they are directed toward others, no response is appropriate from him.

85.    Mulhern denies the allegations contained in Paragraph 85 to the extent they are directed toward him.  To the extent that they are directed toward others, no response is appropriate from

him.

## SECOND DEFENSE

86.    The Complaint fails to state a claim upon which relief can be granted, and must be

dismissed under Federal Rule of Civil Procedure 12(b)(6).

## THIRD DEFENSE

87.    Plaintiff did not suffer a deprivation of a federal right, privilege or immunity, and Count

VII must therefore be dismissed.

## FOURTH DEFENSE

88.    Mulhern is entitled to qualified immunity.

## FIFTH DEFENSE

89.    Plaintiff did not suffer an adverse employment action in response to any protected

activity.

## SIXTH DEFENSE

90.    Mulhern did not threaten, intimidate or coerce Plaintiff to resign.

## SEVENTH DEFENSE

91.    Plaintiff's claims under M.G.L. c. 12, §11 are barred by M.G.L. c. 151B.

## EIGHT DEFENSE

92.    Plaintiff cannot demonstrate or properly allege actual malice.

## NINTH DEFENSE

93.    Mulhern's statements to two Boston newspapers, as alleged,  were non-defamatory, non-

actionable statements of opinion.

## TENTH DEFENSE

94.    Plaintiff failed to exhaust administrative remedies as to Mulhern.

## **OTHER DEFENSES**

94.    Mulhern reserves the right to assert other defenses based on information learned during

discovery.


MICHAEL MULHERN

By his attorneys,


/s/ Joan A. Lukey                              _____
Joan A. Lukey (BBO #307340)
Gregory M. Reiser (BBO # Pending)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Date:   December 7, 2004