UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NANCY O'LOUGHLIN,<br><br>                Plaintiff<br><br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY<br>and<br>JOSEPH CARTER<br>and<br>MICHAEL MULHERN,<br><br>                Defendant | C.A. No. 04-10933 JLT |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MICHAEL MULHERN TO FIRST AMENDED COMPLAINT

Defendant Michael Mulhern ("Mulhern") responds to the First Amended Complaint filed by Plaintiff Nancy O'Loughlin ("Plaintiff" or "O'Loughlin"), as follows:

### FIRST DEFENSE

**INTRODUCTION**

1.  The allegations contained in the first sentence of Paragraph 1 are legal conclusions to which no response is required, but to the extent a response is required, Mulhern denies them. Mulhern admits the allegations contained in the second, third and fourth sentences of Paragraph 1. Mulhern denies the allegations contained in the fifth sentence of Paragraph 1.

**JURISDICTION AND VENUE**

2.  The allegations contained in Paragraph 2 are legal conclusions to which no response is required. Further answering, Mulhern says that he has challenged supplemental jurisdiction in a Motion to Dismiss, but that the Court has rejected that argument at this point in the proceedings.

3.	In response to the allegations contained in Paragraph 3, Mulhern admits that venue is proper in Suffolk Country and that the Plaintiff's employment records are located in Suffolk County. Mulhern denies that any illegal employment practices occurred in Suffolk County, or elsewhere.

4.	Mulhern admits that Plaintiff filed a Complaint of Discrimination with the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission on or about October 17, 2003 but denies the remaining allegations contained in Paragraph 4, and therefore denies them.

5.	Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

**THE PARTIES**

6.	Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 6. Mulhern admits the allegations contained in the second and third sentence of Paragraph 6.

7.	Answering Paragraph 7, Mulhern admits that Defendant Massachusetts Bay Transportation Authority ("MBTA") is an authority of the Commonwealth of Massachusetts and that its principal place of business is located in Boston, Suffolk County, Massachusetts. The remaining allegations contained in Paragraph 7 are legal conclusions to which no response is required, but to the extent a response is required, Mulhern denies them. Further answering, Mulhern says that the phrase "at all times relevant to this litigation" is undefined, and is therefore vague and ambiguous.

8.	Mulhern admits the allegations contained in the first sentence of Paragraph 8. Mulhern admits that, at a point in time, Defendant Joseph Carter ("Carter") became Chief of the MBTA Police Department and one of the supervisors and managers of the MBTA Police Department,

says that the phrase "at all times relevant to this litigation is undefined and therefore vague and ambiguous, and denies the remaining allegations contained in the second sentence of Paragraph 8. The allegations contained in the last sentence of Paragraph 8 are legal conclusions to which no response is required.

9. Mulhern admits the allegations contained in the first sentence of Paragraph 9. Mulhern admits that, since a point in time, he has been the General Manager of the MBTA, but says that the phrase "at all times relevant to this Complaint is undefined and therefore vague and ambiguous, and denies the remaining allegations contained in the second sentence of Paragraph 9. The allegations contained in the last sentence of Paragraph 9 are legal conclusions to which no response is required.

10. Mulhern denies the allegations contained in the first sentence of Paragraph 10. Mulhern admits that O'Loughlin has been a recipient of the Massachusetts Hanna Medal, but is without knowledge or information sufficient to admit or deny the remaining allegations contained in the second sentence of Paragraph 10.

**FACTUAL BACKGROUND**

11. Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, other than to admit that O'Loughlin held the rank of Lieutenant when Mulhern became the General Manager of the MBTA.

12. Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, other than to admit that O'Loughlin held the rank of Lieutenant when Mulhern became the General Manager of the MBTA. Mulhern defers to defendant MBTA as to the accuracy of all other allegations concerning O'Loughlin's roles and responsibilities.

13. Mulhern admits the allegations contained in the first two sentences in Paragraph 13, and

further admits that O'Loughlin was moved to the position of Detective Unit Commander after the division in which O'Loughlin theretofore served was disbanded. Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 13, and defers to defendant Carter with regard to such allegations, except to deny that there was any effort to marginalize O'Loughlin's role or show disrespect to her.

14. Mulhern admits that O'Loughlin served as the Detective Unit Commander for some period of time, and that she then became the head of the Detail Unit without reduction in rank or salary as alleged in paragraph 14. Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 14.

15. Mulhern denies the allegations contained in the first and last sentences of Paragraph 15, and so much of the third sentence as suggests that the position was filled as a "punishment". Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15.

16. Mulhern denies the allegations contained in Paragraph 16, except that he admits that O'Loughlin was succeeded by both male and female Lieutenants.

17. Mulhern denies that O'Loughlin has been discriminated against due to her gender. Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations contained in the numbered subparagraphs of Paragraph 17, and defers to the Answer of defendant Carter, to whom such allegations relate.

18. Mulhern denies the allegations contained in Paragraph 18.

19. Mulhern denies that O'Loughlin has been subjected to gender discrimination during the period for which he has knowledge (to wit, his tenure as General Manager at the MBTA). Mulhern lacks knowledge or information sufficient to respond to the remaining allegations

contained in Paragraph 19, as to all other time periods.

20.     To the extent that Paragraph 20 states allegations, as opposed to legal conclusions, Mulhern denies the allegations contained in Paragraph 20.

21.     Mulhern denies the allegations contained in Paragraph 21 to the extent that they relate to the time period for which he has knowledge, to wit, his tenure as General Manager of the MBTA.  Mulhern lacks knowledge or information sufficient to respond to the allegations relating to other time periods.

22.     Mulhern denies the allegations contained in Paragraph 22 to the extent that they relate to the time period for which he has knowledge, to wit, his tenure as General Manager of the MBTA.  Mulhern lacks knowledge or information sufficient to respond to the allegations relating to other time periods.

23.     In response to Paragraph 23, Mulhern admits that Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination on or about October 17, 2003 (the "Charge"), that the MBTA and Carter were named as defendants in the Charge, and that the MBTA and Carter filed an answer to the Charge on or about March 8, 2004, but denies the remaining allegations contained in Paragraph 23.

24.     Mulhern admits that Plaintiff was relieved of duty with pay and assigned to home duty on or about March 8, 2004, and that her gun, badge, identification card, and cruiser were taken away at that time, but denies the remaining allegations contained in Paragraph 24.

25.     Mulhern admits that O'Loughlin was provided with a written explanation for the actions taken as alleged in Paragraph 25, but says that the explanation speaks for itself, and therefore denies any characterizations thereof.

26.     Mulhern denies the allegations contained in Paragraph 26.  Further answering, Mulhern

says that the phrases "matters of public concern" and "far more harsh" are vague and ambiguous.

27.     Mulhern admits, on information and belief, that SOT Officers were stationed in and around the office of Chief Carter at the time that O'Loughlin was informed of the allegations against her as alleged in Paragraph 27.  Mulhern denies all other allegations contained in Paragraph 27.

28.     Mulhern denies the allegations contained in Paragraph 28, except to say that he is without knowledge or information sufficient to respond to the allegation regarding written reprimands for past conduct of other officers.

29.     Mulhern says that the Globe article is a document that speaks for itself, and Mulhern therefore denies the characterizations thereof contained in Paragraph 29.

30.     Mulhern denies the allegations contained in Paragraph 30 that he defamed O'Loughlin, conveyed false information regarding O'Loughlin, or otherwise engaged in any wrongful conduct.  Further answering, Mulhern says that he was contacted by a reporter from The Boston Globe, who inquired whether O'Loughlin was involved in a certain matter, and that Mulhern refused to confirm O'Loughlin's involvement and expressly informed the reporter that O'Loughlin was not the subject of any criminal investigation.  Mulhern denies all remaining allegations contained in paragraph 30, except that he admits that he was named as a Defendant in a lawsuit filed by former MBTA Police Chief Thomas O'Loughlin.

31.     Mulhern denies the allegations contained in Paragraph 31.  Further answering, Mulhern says that he recalls only one occasion, at an earlier point in time, when a reporter from the Bay State Banner called about O'Loughlin in connection with a different matter from that covered in the Globe article.  On that occasion, Mulhern defended O'Loughlin from charges asserted by members of the public.

32. Mulhern denies the allegations contained in Paragraph 32.

33. Mulhern denies the allegations contained in Paragraph 33.

34. Mulhern defers to the MBTA's response to the allegations contained in Paragraph 34.

35. Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and therefore denies them.

36. Mulhern defers to the MBTA's response to the allegations contained in Paragraph 36.

37. Mulhern defers to the MBTA's response to the allegations contained in Paragraph 37.

38. Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and therefore denies them.

39. Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and therefore denies them.

40. Mulhern denies that Plaintiff has been subjected to illegal retaliation and discrimination, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40, and therefore denies them.

41. Mulhern says that the allegations contained in Paragraph 41 constitute legal conclusions to which no response is required. To the extent that a response is deemed necessary, Mulhern denies the allegations.

42. Mulhern denies the allegations contained in Paragraph 42.

43. Mulhern denies the allegations contained in Paragraph 43.

44. Mulhern denies the allegations contained in Paragraph 44.

45. Mulhern denies the allegations contained in Paragraph 45.

**COUNT I**   **AGAINST MBTA AND JOSEPH CARTER FOR DISCRIMINATION ON THE BASIS OF GENDER IN VIOLATION OF M.G.L. c.151B**

46. Mulhern repeats and reasserts all responses to Paragraphs 1 through 45 as if they were

stated in full herein.

47. The allegations contained in Paragraph 40 are not directed to Mulhern and no response is therefore appropriate from him.

**COUNT II    AGAINST MBTA FOR DISCRIMINATION ON THE BASIS OF GENDER IN VIOLATION OF 42 USC §2000e**

48. Mulhern repeats and reasserts all responses to Paragraphs 1 through 47 as if they were stated in full herein.

49. The allegations contained in Paragraph 42 are not directed to Mulhern, and no response is therefore appropriate from him.

**COUNT III    AGAINST MBTA, CARTER AND MULHERN FOR RETALIATION IN VIOLATION OF M.G.L. c.151B**

50. Mulhern repeats and reasserts all responses to Paragraphs 1 through 49 as if they were stated in full herein.

51. Mulhern denies the allegations contained in Paragraph 51 to the extent, if at all, they are directed towards him, and to the extent the allegations contained in Paragraph 51 are directed to defendants other than Mulhern, no response is appropriate from him.

52. The allegations contained in the first sentence of Paragraph 52 constitute statements of legal conclusion to which no response is required, and, to the extent that a response is deemed required, the allegations are denied. Mulhern denies the allegations contained in the second sentence of Paragraph 52.

53. The allegations contained in Paragraph 53 constitute statements of legal conclusions to which no response is necessary, and, to the extent that a response is deemed necessary, the allegations are denied..

54. Mulhern denies the allegations contained in Paragraph 54 to the extent they are directed toward him. To the extent that they are directed toward others, no response is appropriate from

him.

55.   Mulhern denies the allegations contained in Paragraph 55 to the extent they are directed toward him.  To the extent that they are directed toward others, no response is appropriate from him.

56.   Mulhern denies the allegations contained in Paragraph 56 to the extent they are directed toward him.  To the extent that they are directed toward others, no response is appropriate from him.

**COUNT IV   AGAINST MBTA FOR RETALIATION IN VIOLATION OF 42 USC Section 2000e**

57.   Mulhern repeats and reasserts all responses to Paragraphs 1 through 56 as if they were stated in full herein.

58.   The allegations contained in Paragraph 58 are not directed toward Mulhern, and no response is therefore appropriate from him. To the extent that any such allegations are intended to relate to Mulhern, they are denied.

59.   The allegations contained in Paragraph 59 are not directed toward Mulhern, and no response is therefore appropriate from him.  To the extent that any such allegations are intended to relate to Mulhern, they are denied.

60.   The allegations contained in Paragraph 60 are not directed toward Mulhern, and no response is therefore appropriate from him.  To the extent that any such allegations are intended to relate to Mulhern, they are denied.

61.   The allegations contained in Paragraph 61 are not directed toward Mulhern, and no response is therefore appropriate from him.  To the extent that any such allegations are intended to relate to Mulhern, they are denied.

62.   The allegations contained in Paragraph 62 are not directed toward Mulhern, and no

response is therefore appropriate from him. To the extent that any such allegations are intended to relate to Mulhern, they are denied.

63. Mulhern denies the allegations contained in Paragraph 63 to the extent they are directed towards him. To the extent the allegations are directed to defendants other than Mulhern, no response is appropriate from him.

**COUNT V**    **AGAINST CARTER FOR VIOLATION OF 42 USC §1983**

64. Mulhern repeats and reasserts all responses to Paragraphs 1 through 63 as if they were stated in full herein.

65. The allegations contained in Paragraph 65 are not directed toward Mulhern, and no response is therefore appropriate from him.

66. The allegations contained in Paragraph 66 are not directed toward Mulhern, and no response is therefore appropriate from him.

67. The allegations contained in Paragraph 67 are not directed toward Mulhern, and no response is therefore appropriate from him.

**COUNT VI**    **AGAINST CARTER FOR VIOLATION OF M.G.L. c.12 §11**

68. Mulhern repeats and reasserts all responses to Paragraphs 1 through 68 as if they were stated in full herein.

69. The allegations contained in Paragraph 69 are not directed toward Mulhern, and no response is therefore appropriate from him.

70. The allegations contained in Paragraph 70 are not directed toward Mulhern, and no response is therefore appropriate from him.

71. The allegations contained in Paragraph 71 are not directed toward Mulhern, and no response is therefore appropriate from him.

72. The allegations contained in paragraph 72 are not directed toward Mulhern, and no

response is therefore appropriate from him.

**COUNT VII    AGAINST MULHERN FOR VIOLATION OF 42 USC §1983**

73.    Mulhern repeats and reasserts all responses to Paragraphs 1 through 72 as if they were stated in full herein.

74.    Mulhern denies the allegations contained in Paragraph 74.

75.    Mulhern denies the allegations contained in Paragraph 75.

76.    Mulhern denies the allegations contained in Paragraph 76.

**COUNT VIII AGAINST MULHERN FOR VIOLATION OF M.G.L. c.12 §11**

77.    Mulhern repeats and reasserts all responses to Paragraphs 1 through 76 as if they were stated in full herein.

78.    Mulhern denies the allegations contained in Paragraph 78.

79.    Mulhern denies the allegations contained in Paragraph 79.

80.    Mulhern denies the allegations contained in Paragraph 80.

81.    Mulhern denies the allegations contained in Paragraph 81.

**COUNT IX    AGAINST MULHERN FOR SLANDER AND DEFAMATION**

82.    Mulhern repeats and reasserts all responses to Paragraphs 1 through 81 as if they were stated in full herein.

83.    Mulhern denies the allegations contained in Paragraph 83.

84.    Mulhern denies the allegations contained in Paragraph 84.

85.    Mulhern denies the allegations contained in Paragraph 85.

86.    Mulhern denies the allegations contained in Paragraph 86.

**COUNT X    AGAINST MBTA FOR SLANDER AND DEFAMATION**

87.    Mulhern repeats and reasserts all responses to Paragraphs 1 through 86 as if they were stated in full herein.

88. Mulhern denies the allegations contained in Paragraph 88 to the extent they are directed toward him. To the extent they are directed toward others, no response is appropriate from him.

89. Mulhern denies the allegations contained in Paragraph 89 to the extent they are directed toward him,. To the extent that they are directed toward others, no response is appropriate from him.

90. Mulhern denies the allegations contained in Paragraph 90 to the extent they are directed toward him. To the extent that they are directed toward others, no response is appropriate from him.

91. Mulhern denies the allegations contained in Paragraph 91 to the extent they are directed toward him. To the extent that they are directed toward others, no response is appropriate from him.

92. Mulhern denies the allegations contained in Paragraph 92 to the extent they are directed toward him. To the extent that they are directed toward others, no response is appropriate from him.

## SECOND DEFENSE

93. The Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## THIRD DEFENSE

94. Plaintiff did not suffer a deprivation of a federal right, privilege or immunity, and Count VII must therefore be dismissed.

## FOURTH DEFENSE

95. Mulhern is entitled to qualified immunity.

## FIFTH DEFENSE

96. Plaintiff did not suffer an adverse employment action in response to any protected

activity.

## SIXTH DEFENSE

97. Mulhern did not threaten, intimidate or coerce Plaintiff to resign.

## SEVENTH DEFENSE

98. Plaintiff's claims under M.G.L. c. 12, §11 are barred by M.G.L. c. 151B.

## EIGHT DEFENSE

99. Plaintiff cannot demonstrate or properly allege actual malice.

## NINTH DEFENSE

100. Mulhern's statements to two Boston newspapers, as alleged, were non-defamatory, non-actionable statements of opinion.

## TENTH DEFENSE

94. Plaintiff failed to exhaust administrative remedies as to Mulhern.

## OTHER DEFENSES

101. Mulhern reserves the right to assert other defenses based on information learned during discovery.


MICHAEL MULHERN

By his attorneys,


/s/ Joan A. Lukey
Joan A. Lukey (BBO #307340)
Gregory M. Reiser (BBO # Pending)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Date:   January 26, 2005

## **CERTIFICATE OF SERVICE**

    I, Joan A. Lukey, Esq., hereby certify that on this 26th day of January, 2005, I caused a true copy of the above document to be served upon Mitchell J. Notis, counsel for the plaintiff, 370 Washington Street, Brookline, MA 02445 by electronic means, and upon Joseph L. Edwards, counsel for defendants Massachusetts Bay Transportation Authority and Joseph Carter, 585 Commercial Street, Boston, MA 02109 by electronic means.


                                                       s/ Joan A. Lukey