UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY O'LOUGHLIN,<br>    Plaintiff,<br><br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY,<br>JOSEPH CARTER, and MICHAEL<br>MULHERN,<br>    Defendants. | C.A. No. 04-10933 JLT |

## MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS MASSACHUSETTS BAY TRANSPORTATION AUTHORITY AND JOSEPH CARTER[1]

Plaintiff Nancy O'Loughlin ("O'Loughlin"), a police officer with the Massachusetts Bay Transportation Authority Transit Police Department filed a complaint in which she alleges that Defendants Massachusetts Bay Transportation Authority (the "Authority") and Joseph Carter ("Carter")(collectively "defendants") discriminated against her on the basis of her sex and retaliated against her for filing a discrimination complaint, in violation of Title VII of the Civil Rights Act of 1964 and Massachusetts General Laws, chapter 151B. She has also filed claims alleging violations of 42 U.S.C. § 1983 and G.L. c. 12, § 11I, the Massachusetts Civil Rights Act. In addition, she alleges that the Authority defamed her. Defendants now move for summary judgment on all

---

[1] Defendant Michael Mulhern has also submitted a motion for summary judgment, seeking dismissal of all claims against him. Plaintiff alleges that Mr. Mulhern was the General Manager of the Authority at all times relevant to her complaint. (Complaint, ¶ 9) The Massachusetts Bay Transportation Authority and Joseph Carter incorporate that motion and all arguments therein by reference, as if set forth fully herein.

counts against them, pursuant to Fed. R. Civ. P. 56. As reasons for this motion, defendants state:

1. On May 11, 2004, O'Loughlin filed a complaint in which she alleged that the Authority, Carter (the Chief of Police), and Mulhern discriminated against her on the basis of her sex, retaliated against her for filing an MCAD complaint, and that Mulhern and the Authority defamed her. On September 13, 2004, defendants filed a Motion to Dismiss that was denied by the Court on November 15, 2004. Defendants filed an answer to the complaint on November 29, 2004. O'Loughlin filed a motion for leave to file an amended complaint on December 29, 2004. On January 6, 2005, the Court allowed that motion.

2. O'Loughlin filed a ten (10) Count Amended Complaint in which she alleged: (a) Count I; G.L.c.151B – discrimination on the basis of gender against Carter and the Authority; (b) Count II; 42 USC §2000e (Title VII) – discrimination on the basis of gender against the Authority; (c) Count III; 151B – retaliation against Carter, Mulhern, and the Authority; (d) Count IV; Title VII – retaliation against the Authority; (e) Count V; 42 U.S.C. §1983 – a violation of O'Loughlin's right to be from unlawful discrimination and retaliation against Carter; (f) Count VI; G.L. c. 12 §11I and 11H (MCRA) – deprivation of O'Loughlin's rights by means of threats, intimidation and coercion against Carter; (g) Count VII; 42 U.S.C. §1983 – gender discrimination and retaliation against Mulhern; (h) Count VIII; G.L.c. 12, §11I and 11H – violation of O'Loughlin's right to be free from discrimination and harassment against Mulhern; (i) Count IX; Slander and defamation – against Mulhern; and (j) Count X; Slander and defamation – against the Authority.

2

3. O'Loughlin cannot put forth evidence sufficient to show that the Authority, Carter, or Mulhern took any action against her because of her sex.

4. O'Loughlin cannot put forth evidence sufficient to show that she was retaliated against. She was treated exactly the same as, and sometime better, than similarly situated officers who had not filed discrimination complaints. When O'Loughlin committed acts that violated the rules, regulations and policies of the department, she was disciplined the same as the men who committed similar violations. She does not get a free pass because she filed a discrimination complaint.[2]

5. O'Loughlin cannot present evidence sufficient to show that she was defamed by the Authority or any agent of the Authority. O'Loughlin claims that the Authority published false information about her to a newspaper. The record evidence shows that the information about which O'Loughlin complains was released to a newspaper reported by members of her future collective bargaining unit – not by the Authority.

6. As O'Loughlin cannot raise triable issues of sex discrimination, retaliation, or defamation, summary judgment is appropriate.

7. In support of this motion, defendants rely on the accompanying Statement of Undisputed Material Facts; Memorandum of law in support of this motion, and affidavit of Joseph Carter.

---

[2] To the extent O'Loughlin will try to hold the Authority responsible for any alleged discrimination or retaliation by Defendant Michael Mulhern, the Authority cannot be held liable because O'Loughlin did not comply with the jurisdictional prerequisite of filing a discrimination complaint with the Massachusetts Commission Against Discrimination or the United States Equal Employment Opportunity Commission in which Mr. Mulhern was a named respondent prior to filing the present action.

WHEREFORE, defendants respectfully request the Court to grant their motion for summary judgment.

                    Respectfully submitted,

DEFENDANT MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY AND
JOSEPH CARTER
By their attorneys,

/s/ Joseph L. Edwards, Jr.
Walter B. Prince, BBO# 406640
Joseph L. Edwards, Jr., BBO# 564288
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000