# Exhibit 30

July 3, 1992

Memo to File:  Sergt. Nancy O'Loughlin

After reviewing all the information available regarding Officer Fernandez' complaint against Sergt. O'Loughlin, I have concluded that Sergt. O'Loughlin's telephone comments to Lieut. LeRay did not refer to his "character and ethnic background" in a derogatory manner.  She did use of the words "dopey" and "lunkhead" which suggest that he is not intelligent.

I have counselled Sergt. O'Loughlin not to use such terms when referring to a member of this department.  These words are not in keeping with department policy to treat all persons with civility and respect at all times.

A copy of this formal counselling will be inserted in Sergeant Nancy O'Loughlin's personnel file.

John F. O'Loughlin
Deputy Chief

M00679


DEPOSITION EXHIBIT
O'LOUGHLIN 40
MRW 2/1/06

July 3, 1992

To:       Chief John R. O'Donovan
From:     Deputy John O'Loughlin
Subject:  Complaint against Sergeant Nancy O'Loughlin

Sir:

I received the attached report from Officer Hector Fernandez in which he alleges that Sergt. O'Loughlin made certain remarks in "reference to his character and ethnic background."

I have reviewed the tape and have attached hereto a copy of the transcript. In it, Sergt. O'Loughlin called the station; Officer Fernandez answered the call and failed to identify himself as required; when Lieut. LeRay came on the line, Sergt. O'Loughlin told the Lieut. to have "dopey" give his name when he answers the phone; at the end of the conversation she reiterated to the Lieutenant to tell the "lunkhead" to smarten up.

While this should have been a private conversation between two supervisors, the Lieutenant followed through and brought it to Officer Fernandez's attention that he did not identify himself to the caller. Officer Fernandez, thinking that he had, played the tape back to prove his compliance with required procedures. At that time he heard that he did not identify himself and he also heard that he had been referred to as 'dopey' and 'lunkhead'. While both these terms are unflattering at least, neither can be construed to refer to anyone's ethnic background or character. Both terms do tend to define a person as being less than intelligent.

On July 1, 1992, I played the tape back to Sergt. O'Loughlin in the presence of the Police Association President, Paul MacMillan. At the conclusion of that session, I reminded Sergt. O'Loughlin that department policy requires that all persons be treated with civility and respect (Police Manual, Chapter 101, section 2.6).

It was discussed that the phone call could be construed as a private conversation between two supervisors but, because the Sergeant pointed out a performance deficiency, the tape then becomes material in any dispute as to whether or not the Officer did or did not comply with required procedures.

A review of Sergt. O'Loughlin's record shows no prior discipline. Under our progressive disciplinary system, she should be formally counselled so that this type of activity does not recur.

John F. O'Loughlin
Deputy Chief