Exhibit 32

DEPOSITION EXHIBIT
O'LOUGHLIN (44)
MRW 2/1/06



**MBTA Police**

JOSEPH C. CARTER
Chief of Police

August 19, 2004

Lieutenant Nancy O'Loughlin
260 Forest Street
South Weymouth, MA  02190

RE:   NOTICE OF REDUCTION IN RANK

Dear Lieutenant O'Loughlin:

On May 14, 2004 I gave you notice that a hearing would be conducted pursuant to Ch. 31, § 41 of the Massachusetts General Laws (Civil Service) to determine if just cause existed to discipline you for violation of the Department Manual of Policies, Rules and Regulations.  On May 21, 2004 and June 15, 2004 a hearing was held at MBTA Police Headquarters before Designated Hearing Officer Kevin S. McDermott, at which you were represented by counsel.  On August 10, 2004, Attorney McDermott issued written findings, a copy of which has been sent to your attorney, in which he determined that just cause exists to impose discipline.

On the basis of Attorney McDermott's findings, I find that there exists just cause to discipline you for violation of the Department Manual of Policies, Rules and Regulations.  Specifically:

1.   On January 26, 2004 and February 17, 2004 in telephone conversations with Police Officer Robert McKay on a recorded Department telephone line, both of which are detailed May 14, 2004 Notice of Hearing and are here incorporated by reference, you violated Chapter 62, § 2.0, Supervisory Span of Control; and Chapter 62, § 3.0, Duties and Responsibilities of all Supervisors.

2.   On February 17, 2004 in telephone conversations with Police Officer Carl Rubino on a recorded Department telephone line, which is detailed in the May 14, 2004 Notice of Hearing and are here incorporated by reference, you violated Chapter 62, § 2.0, Supervisory Span of Control; and Chapter 62, § 3.0, Duties and Responsibilities of all Supervisors.

3. On March 3, 2004, in telephone conversations with Police Officer Robert McKay on a recorded Department telephone line, which is detailed in the May 14, 2004 Notice of Hearing and are here incorporated by reference, you violated Chapter 101, §2.3, Behavior.

4. On January 26, 2004, in telephone conversations with Police Officer Robert McKay on a recorded Department telephone line, which is detailed in the May 14, 2004 Notice of Hearing and are here incorporated by reference, you violated Chapter 101, §2.1, Loyalty and Integrity; and Ch. 101, §3.7, Discourtesy.

5. On February 17, 2004, in telephone conversations with Police Officer Robert McKay on a recorded Department telephone line, which is detailed in the May 14, 2004 Notice of Hearing and are here incorporated by reference, you violated Chapter 101, §2.1, Loyalty and Integrity; and Ch. 101, §3.7, Discourtesy.

6. On February 17, 2004, in telephone conversations with Police Officer Carl Rubino on a recorded Department telephone line, which is detailed in the May 14, 2004 Notice of Hearing and are here incorporated by reference, you violated Chapter 101, §2.1, Loyalty and Integrity; and Ch. 101, §3.7, Discourtesy.

7. On February 18, 2004, in telephone conversations with Police Officer Robert McKay on a recorded Department telephone line, which is detailed in the May 14, 2004 Notice of Hearing and are here incorporated by reference, you violated Chapter 101, §2.1, Loyalty and Integrity; and Ch. 101, §3.7, Discourtesy.

8. On March 1, 2004, in telephone conversations with Police Officer Robert McKay on a recorded Department telephone line, which are detailed in the May 14, 2004 Notice of Hearing and are here incorporated by reference, you violated Chapter 101, §2.1, Loyalty and Integrity; and Ch. 101, §3.7, Discourtesy.

9. On March 3, 2004, in a telephone conversation with Police Officer Robert McKay on a recorded Department telephone line, which is detailed in the May 14, 2004 Notice of Hearing and are here incorporated by reference, you violated Chapter 101, §2.1, Loyalty and Integrity; and Ch. 101, §3.7, Discourtesy.

10. Between the dates of December 29, 2003 and January 7, 2004, in telephone conversations with Police Officer Robert McKay on a recorded Department telephone line, which are detailed in the May 14, 2004 Notice of Hearing and are here incorporated by reference, you violated Chapter 101, §2.1, Loyalty and Integrity; and Ch. 101, §3.7, Discourtesy.

11. On March 2, 2004, in a telephone conversation with Police Officer Robert McKay on a recorded Department telephone line, which is detailed in the May 14, 2004 Notice of Hearing and are here incorporated by reference, you violated Chapter 101, §2.11, <u>Interference with Work</u>.

12. On March 3, 2004, in a telephone conversation with Police Officer Robert McKay on a recorded Department telephone line, which is detailed in the May 14, 2004 Notice of Hearing and are here incorporated by reference, you violated Chapter 101, §3.18, <u>Harassment</u>.

In light of the egregious nature of your conduct, that there were multiple occurrences and that the conduct in question, to quote the Designated Hearing Officer, is "incompatible with the duties and responsibilities of a superior officer," I hereby find just cause to reduce you in rank from Police Lieutenant to Police Officer. Consequently, you are ordered to report to Deputy Chief John Martino for duty as a Police Officer on Monday, August 23, 2004 at 7:30AM.

Notwithstanding any other notices you have received regarding discipline, by this letter you are put on notice that any further violations of the Rules and Regulations of the MBTA Transit Police Department will result in further discipline which could include suspension from duty or termination from employment as an MBTA Transit Police Officer.

You may exercise your rights under the grievance procedure according to the Articles of Agreement between the MBTA and the Police Association, or through the procedures set forth under M.G.L. Chapter 31, § 41 – 45, a copy of which is enclosed.

Sincerely,

JOSEPH C. CARTER
Chief

M000268