UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
NANCY O'LOUGHLIN,                         )
                                          )
                    Plaintiff             )
                                          )
v.                                        )
                                          )   C.A. No. 04-10933 JLT
MASSACHUSETTS BAY                         )
TRANSPORTATION AUTHORITY                  )
and                                       )
JOSEPH CARTER                             )
and                                       )
MICHAEL MULHERN,                          )
                                          )
                    Defendants            )
_____)

## DEFENDANT MICHAEL MULHERN'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Plaintiff Nancy O'Loughlin's ("Plaintiff's") brief in Opposition to Defendant Michael Mulhern's ("Mulhern's") Motion for Summary Judgment confirms that Summary Judgment should be entered in Mulhern's favor because Plaintiff offers nothing but conjecture and hearsay evidence -- inadmissible at trial and impermissible in opposition to Summary Judgment -- in an attempt to invent genuine issues of material fact necessary to survive Summary Judgment.

As for Plaintiff's defamation claim against Mulhern, Plaintiff's Opposition concedes that everything Mulhern said to *Boston Globe* reporter Mac Daniel ("Daniel") was true, except for one statement which Mulhern and Daniel -- the only two witnesses with firsthand knowledge -- both deny that Mulhern made. Plaintiff's only support for Mulhern's having made this statement is the double-hearsay testimony of former Chief of the Massachusetts Bay Transportation Authority ("MBTA") Police Department, Thomas O'Loughlin, who is himself a plaintiff in a separate lawsuit against the MBTA and Mulhern. Hearsay testimony is inadmissible and cannot

be used to defeat Summary Judgment. Rodriguez v. Boehringer Ingelheim Pharmaceuticals, Inc., 425 F.3d 67, 76 (1st Cir. 2005).

In an attempt to meet the stringent *clear and convincing evidence* standard with regard to Mulhern's purported "actual malice", without which her defamation claim fails, Plaintiff also makes the unsubstantiated allegation that Mulhern lied during his deposition testimony. Specifically, Plaintiff alleges that Mulhern lied in testifying that he said favorable things to Daniel regarding Plaintiff during their first conversation, and that Mulhern falsely testified that he had a second conversation with Daniel. In an argument truly fashioned from whole cloth, Plaintiff contends that these "lies" prove that Muhern harbored "ill-will" toward Plaintiff sufficient to constitute "actual malice". This argument fails in two respects: first, even if it were true that Mulhern misrepresented making favorable comments that he never made, and that he actually had only one conversation with Daniel, such "facts" would not support an inference of actual malice, much less constitute clear and convincing evidence of actual malice; second, Plaintiff's only "evidence" that Mulhern lied is that Daniel cannot recall the favorable comments or the second conversation. In this regard, too, the clear and convincing evidence standard is not met.

Further, the fragility of Plaintiff's retaliation claim is highlighted by the fact that she is relegated to reliance upon these same purported lies because she simply has nothing else upon which to rely. Innocuous as the alleged lies are, they cannot give rise to a genuine issue of material fact to suggest that Mulhern retaliated against her for the filing of a charge of discrimination with the Massachusetts Commission Against Discrimination (the "Charge"). Indeed, they do nothing to rebut Mulhern's testimony that he did not even know that Plaintiff had filed the Charge when he spoke to Daniel. A party cannot create a genuine issue of material fact necessary to survive Summary Judgment by inventing a credibility issue that is unsupported

by affirmative evidence.  Sears, Roebuck & Co. v. Goldstone & Sudalter, P.C., 128 F.3d 10, 18 (1st Cir. 1997).

## STATEMENT OF FACTS[1]

In November, 1983, Plaintiff commenced employment with the MBTA as a patrol officer.  In 2003, Plaintiff was twice reassigned to different positions without reduction in rank or pay.  On October 17, 2003, Plaintiff filed the Charge naming only the MBTA and Defendant Joseph Carter ("Carter") as defendants.  Mulhern was not named in the Charge and did not become aware that Plaintiff had filed the Charge until after this lawsuit was commenced.

On March 8, 2004, Plaintiff was suspended with pay after the MBTA Police Department discovered, in the course of an investigation pertaining to the illegal use of the criminal record background check (or "CORI") system by certain members of the MBTA Police Department, that Plaintiff had made disparaging remarks about her superiors on a taped phone line.[2]  On March 10, 2004, Daniel called Mulhern to inquire about the investigation, and Mulhern provided Daniel with limited and truthful information concerning this subject.  The next day, March 11, 2004, an article was published in the *Boston Globe* authored by Daniel in which it was stated that three MBTA police officers were suspended for illegally checking background records and that a lieutenant, who was also suspended, encouraged their activities.  The article also states that Plaintiff was among the four who were suspended and that the four could face criminal charges.  Mulhern was not the source of the latter statement, although a review of Plaintiff's Opposition

---

[1] Pursuant to Local Rule 56.1, Mulhern has separately filed with his Opening Brief a concise statement of material facts not in dispute ("Mulhern SOF").

[2] Plaintiff has since received an Award from the American Arbitration Association reinstating her to her former position with back-pay.

- 3 -

makes clear that this is the only part of the article (*i.e.*, that criminal charges could be brought against Plaintiff) that forms a basis for Plaintiff's defamation claim against Mulhern.[3]

Plaintiff's Opposition also makes clear that the sole factual basis for Plaintiff's retaliation, discrimination, and civil rights claims against Mulhern is his alleged defamation of Plaintiff. As Mulhern did not defame Plaintiff for the reasons set forth herein, the Court should grant Summary Judgment in Mulhern's favor on all counts of the First Amended Complaint that pertain to him.

## STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, a party is entitled to Summary Judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Once the moving party has established that there are no genuine issues of material fact requiring resolution at trial, "the burden shifts to the nonmovant to demonstrate, through specific facts, that a trialworthy issue remains." Cadle Co. v. Hayes, 116 F.3d 957, 959 (1st Cir. 1997). "[E]stablishing a genuine issue of material fact requires more than effusive rhetoric and optimistic surmise," and conjecture or "merely colorable" evidence will not suffice to defeat a Motion for Summary Judgment. Id. at 960; see also Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990) ("Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation."). The Court

---

[3] On March 18, 2004, the *Bay State Banner* published an article authored by Melvin Yawu Miller ("Miller") based upon the *Boston Globe* article and discussing the discipline undertaken against Plaintiff and three other MBTA police officers. Miller never discussed the article or its contents with Mulhern, who was not a source, and it appears based upon Plaintiff's Opposition to the instant Motion that the article Miller wrote is no longer a factual basis for her defamation claim against Mulhern.

reviews the record "without regard to credibility determinations," Cadle Co., at 959, and Massachusetts courts have recognized that "summary judgment procedures are especially favored in defamation cases," because of the potential for unfounded claims to put "an unjustified and serious damper on freedom of expression." King v. Globe Newspaper Co., 400 Mass. 705, 708 (1987). Under this standard, the Court should grant Summary Judgment in Mulhern's favor on all counts of the First Amended Complaint that pertain to him.

## LEGAL ARGUMENT

**I. THE COURT SHOULD GRANT SUMMARY JUDGMENT IN MULHERN'S FAVOR ON PLAINTIFF'S DEFAMATION CLAIM BECAUSE PLAINTIFF HAS NOT OFFERED ANY EVIDENCE THAT MULHERN MADE ANY FALSE STATEMENTS OR THAT HE ACTED WITH "ACTUAL MALICE".**

Plaintiff offers nothing but inadmissible double-hearsay in support of her contention that Mulhern made a false statement to Daniel, and, even if this hearsay evidence could be used to defeat Summary Judgment (which it cannot), Plaintiff has failed to prove by *clear and convincing* evidence that Mulhern acted with "actual malice". Hence, her defamation claim must fail.

**A.   Plaintiff has Failed to Prove that Mulhern Made a False Statement to Daniel.**

Plaintiff's Opposition confirms that the only statement she alleges is defamatory is Mulhern's alleged statement to Daniel that Plaintiff could face criminal charges.[4] (*See, e.g.* Plaintiff's Opposition at p. 6.) Daniel and Mulhern -- the only witnesses with firsthand knowledge of their conversations -- both testified that *Mulhern did not tell Daniel that Plaintiff could face criminal charges*. (Mulhern SOF at ¶15; Exs. B, H.) Daniel further testified that the only reason he believed that criminal charges might be involved is because he knew from his

---

[4] Daniel published an article stating that criminal charges could be brought against four MBTA police officers, three of whom "were suspended after an investigation showed they were illegally checking background records" and one of whom was a "lieutenant who allegedly encouraged the [three other] officers' activities." (Mulhern SOF at ¶14; Ex. J.) To the extent the article implies that Plaintiff is among the "four" against whom criminal charges could be brought, the article is wrong; however, it is not expressly stated in the article that Plaintiff is among the "four".

own experience that CORI violations could be criminal and one of the union officials he spoke to about the case might have mentioned it to him. (Mulhern's SOF at ¶13; Ex. H.)

Plaintiff's only "evidence" that Mulhern told Daniel that Plaintiff could be subject to criminal charges can be found in the deposition testimony of Thomas J. O'Loughlin. Mr. O'Loughlin testified that Daniel told him that Mulhern had told Daniel that Plaintiff could face criminal charges. (Mulhern SOF at ¶15; Ex. M.) Plaintiff cannot use Mr. O'Loughlin's hearsay testimony to transform the issue of whether Mulhern told Daniel that Plaintiff could face criminal charges into a genuine issue of material fact precluding Summary Judgment. Rodriguez v. Boehringer Ingelheim Pharmaceuticals, Inc., 425 F.3d 67, 76 (1st Cir. 2005) ("Hearsay evidence is not admissible at trial or for summary judgment purposes …") (citations omitted). As that leaves Plaintiff with no evidence that Mulhern made a false statement to Daniel, the Court should grant Summary Judgment in Mulhern's favor. See Garrison v. Louisiana, 379 U.S. 64, 74 (1964) (to prevail on a claim of defamation, a public official must first prove that the alleged defamatory statements are false).

### B.  Plaintiff has not Proven by *Clear and Convincing* Evidence that Mulhern Acted with "Actual Malice".

Once falsity has been established, which it has not been here, a plaintiff who is a public official has the burden of proving that the alleged defamatory statements were made with "actual malice."[5] See N.Y. Times Co. v. Sullivan, 376 U.S. 254, 280 (1964). In this context, a statement is made with actual malice if it is made "with knowledge that it was false or with reckless disregard of whether it was false or not." Id. Evidence that a statement was published with intent to harm or disparage the plaintiff is not sufficient; it is necessary to show that the

---

[5]  Plaintiff does not challenge her status as a "public official" for purposes of defamation law.

statement was intended to harm *through falsehood*.  See Henry v. Collins, 380 U.S. 356, 357 (1965).

The evidentiary standard required to prove actual malice is a heavy one, namely, the intermediate "clear and convincing" standard.  See Gertz v. Robert Welch, Inc., 418 U.S. 323, 342 (1974).  The First Circuit has held that this standard requires the plaintiff "to prove more than would be necessary under the preponderance of the evidence standard but something less than what the beyond a reasonable doubt standard requires."  Bose Corp. v. Consumers Union of United States, Inc., 692 F.2d 189, 195 (1st Cir. 1982).  The courts apply this standard not only at trial, but also in ruling upon Summary Judgment motions.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255-256 (1986); Stone v. Essex County Newspapers Inc., 367 Mass. 849, 869 (1975).

Plaintiff claims that evidence of "actual malice" can be found in Mulhern's alleged lies during his deposition about certain favorable statements he made to Daniel regarding Plaintiff and a second conversation Mulhern testified that he had with Daniel.  (Plaintiff's Opposition at p. 7.)  Plaintiff's sole basis for concluding that Mulhern lied to Daniel is Daniel's testimony that he does not recall these favorable statements or the second conversation.  (Plaintiff's Opposition at pp. 4-5.)  This is not *clear and convincing* evidence that Mulhern acted with "actual malice" in speaking untruths about Plaintiff.

That standard requires proof that a statement was made "with knowledge that it was false or with reckless disregard of whether it was false or not," N.Y. Times Co. v. Sullivan, 376 U.S. at 280, and proof that a statement was intended to harm *through falsehood*.  Henry v. Collins, 380 U.S. at 357.  Merely showing that Daniel does not recall Mulhern making certain favorable comments about Plaintiff or having a second conversation with Mulhern does not prove -- even if true -- that Mulhern made statements to Daniel with knowledge of, or reckless disregard for, their falsity or that Mulhern possessed an intention to harm Plaintiff through falsehood; to the

contrary, the statements Mulhern testified that he made to Daniel were true statements designed to help Plaintiff (*i.e.*, that Plaintiff would not face criminal charges.)  The Court should thus grant Summary Judgment in Mulhern's favor.[6]

## II. THE COURT SHOULD GRANT SUMMARY JUDGMENT ON PLAINTIFF'S RETALIATION CLAIM BECAUSE CREDIBILITY ISSUES CANNOT BE MANUFACTURED TO SURVIVE SUMMARY JUDGMENT.

In attempting to manufacture a genuine issue of material fact by claiming that Mulhern lied at his deposition, Plaintiff has all but conceded that she has no factual basis upon which to argue that Mulhern engaged in retaliatory conduct against her.  Plaintiff's "factual basis" for such claim was already tenuous at best (including allegations that Mulhern snubbed her at a hockey game).[7]  Having realized the weakness of her previously asserted factual basis, Plaintiff now argues that Mulhern's purported lies to Daniel undermine his testimony that he was not aware Plaintiff had filed the Charge when he spoke to Daniel (and, hence, undermine Mulhern's claim that he could not have spoken to Daniel in retaliation for Plaintiff having filed the Charge). (Plaintiff's Opposition at pp. 10-11.)  In other words, Plaintiff suggests that Mulhern is not credible because of two purported and unrelated "lies."

However, a party cannot create genuine issues of material fact sufficient to survive Summary Judgment by inventing credibility issues that are unsupported by affirmative evidence. Even if the Court decided to reject Mulhern's affirmative testimony that he lacked of knowledge

---

[6] Even if Mulhern had lied to Daniel about making certain favorable comments about Plaintiff or having the second conversation, which he did not, that would not constitute "actual malice".  In support of her claim that such lies constitute "actual malice", Plaintiff improperly refers the Court to p. 7 of Mulhern's Opening Brief.  At p. 7, Mulhern cites St. Amant v. Thompson, 390 U.S. 727, 732 (1968) for the proposition that "actual malice" can be inferred from, *inter alia*, statements that have been fabricated or that are made by informants whose veracity is doubtful.  That proposition applies only where the alleged defamatory statement itself is a fabrication or is based on an informant whose veracity is doubtful, see St. Amant v. Thompson, 390 U.S. at 732, not where, as here, it is alleged that extra-defamatory statements were fabricated.  If Plaintiff's interpretation of St. Amant were true, then the "actual malice" standard would be exceedingly easy to meet (*e.g.*, in any case where a plaintiff could show that the defendant had lied about *anything* in his life) and would be rendered meaningless.

[7] Given that, for the reasons stated above and in Mulhern's Opening Brief, Mulhern did not defame Plaintiff, Plaintiff also cannot rely upon Mulhern's alleged defamation of Plaintiff as a factual basis for her retaliation claim against Mulhern.  The Court should thus grant Summary Judgment in Mulhern's favor.

of the filing, the Court would be left with a vacuum of evidence as to what he knew and by what he was motivated in taking adverse actions against Plaintiff. At very least, Plaintiff must proffer affirmative evidence that the defendant *did* have the requisite knowledge and was motivated by it. *See, e.g.,* Sears, Roebuck & Co. v. Goldstone & Sudalter, P.C., 128 F.3d 10, 18 (1st Cir. 1997) (affirming Summary Judgment where, as here, the non-moving party alleged a credibility issue to survive Summary Judgment without offering affirmative evidence in support of its claim). This, she has not done.

As such, Plaintiff has failed to demonstrate, as she must, a causal link between the filing of her Charge and Mulhern's alleged retaliatory conduct. See e.g. Lewis v. Gillette, Co., 22 F.3d 22, 25 (1st Cir. 1994) ("To succeed on claims of retaliatory discharge and retaliatory harassment, a plaintiff must establish the basic fact that he was subjected to an adverse employment action *because* of his protected activity.")

### III. PLAINTIFF'S REMAINING CLAIMS FAIL BECAUSE SHE HAS FAILED TO PROVE THAT MULHERN DEFAMED HER.

For the reasons expressed above and in Mulhern's Opening Brief, the Court should grant Summary Judgment in Mulhern's favor on Plaintiff's remaining claims. More specifically, Plaintiff claims in her Opposition that Mulhern discriminated against her in violation of M.G.L. c. 12, §11H by engaging in "threats, intimidation and coercion" (manifested by his defamatory actions) and deprived her of federal rights under 42 U.S.C. §1983 (by defaming her). (Plaintiff's Opposition at p. 11.) As Mulhern did not defame Plaintiff, and Plaintiff now asserts Mulhern's alleged defamation as the sole basis for her claims under M.G.L. c. 12, §11H and 42 U.S.C. §1983, these claims must fail.

Mulhern is also entitled to qualified immunity because, contrary to Plaintiff's assertion at p. 12 of her Opposition, Mulhern did not engage in conduct that "clearly" deprived Plaintiff of a

federal right, privilege or immunity by retaliating against Plaintiff.  Indeed, the sole basis for Plaintiff's claim of retaliation is Mulhern's alleged defamation.  As Mulhern did not defame Plaintiff, Plaintiff has not proven that Mulhern retaliated against her and thereby deprived her of a right established under federal law.  The Court should thus grant Summary Judgment in Mulhern's favor on all counts of the First Amended Complaint.

## CONCLUSION

Because Plaintiff's Opposition confirms that (1) Plaintiff has no evidence that Mulhern said anything false to Daniel, (2) Plaintiff has no *clear and convincing* evidence that Mulhern acted with "actual malice," and (3) Plaintiff has no evidence to rebut the fact that Mulhern did not know that Plaintiff had filed the Charge when he spoke to Daniel, the Court should grant Summary Judgment in Mulhern's favor on all counts of the First Amended Complaint that pertain to him.

    MICHAEL MULHERN

    By his attorneys,

    /s/ Joan A. Lukey
    Joan A. Lukey (BBO #307340)
    Gregory M. Reiser (BBO #662284)
    Wilmer Cutler Pickering Hale and Dorr LLP
    60 State Street
    Boston, MA  02109
    Telephone:  (617) 526-6000
    Facsimile:  (617) 526-5000

Dated:  October 13, 2006

## CERTIFICATE OF SERVICE

      I hereby certify that on October 13, 2006, I caused a true and accurate copy of the above document to be served via the Court's electronic docketing system upon Mitchell J. Notis, Esq., Law Office Of Mitchell J. Notis, 370 Washington Street, Brookline, MA  02446.

                        /s/ Gregory M. Reiser
                        Gregory M. Reiser

US1DOCS 5832993v1