## UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 04-10933-JLT

---

### NANCY O'LOUGHLIN
*Plaintiff*

v.

### MASSACHUSETTS BAY
### TRANSPORTATION AUTHORITY
and
### JOSEPH CARTER
and
### MICHAEL MULHERN
*Defendants*

---

### PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANTS MASSACHUSETTS BAY TRANSPORTATION AUTHORITY AND JOSEPH CARTER TO STRIKE PORTIONS OF PLAINTIFF'S STATEMENT PURSUANT TO LOCAL RULE 56.1 AND HER AFFIDAVIT

Defendants Massachusetts Bay Transportation Authority ("MBTA") and Joseph Carter ("Carter") have filed a Motion to Strike certain portions of Plaintiff's Rule 56.1 Statement and portions of Plaintiff's Affidavit, both of which were submitted to the Court by Plaintiff in support of her Opposition to Defendants' Motion for Summary Judgment. As is set forth in greater detail below, the Motion to Strike must be denied in its entirety for the following reasons:

1.  The Motion to Strike is in reality an improper attempt by Defendants to file a Reply Brief with the Court.

2.  There is no valid reason to strike any of the portions of the Rule 56.1 Statement or Plaintiff's Affidavit as requested by Defendants.

**ARGUMENT**

**1.      THE MOTION TO STRIKE HAS BEEN IMPROPERLY FILED.**

A review of the docket in this case indicates that Plaintiff's Opposition to Defendants' Motion for Summary Judgment (and Rule 56.1 Statement and appended Affidavit) were filed with the Court on August 15, 2006.  On August 31, 2006, all of the parties to this action filed a Joint Motion with the Court for leave to file a Reply and Sur-Reply in relation to the Summary Judgment Motion.  Although the Court granted the Motion to file a Reply and Sur-Reply on October 5, 2006, as of the date Defendants filed their Motion to Strike, October 2, 2006, the Joint Motion to file a Reply Brief had not yet been acted upon by the Court.

In the six weeks following the filing of Plaintiff's Opposition and related materials, Defendants had not seen the need to file a Motion to Strike.  The genesis of the Motion to Strike is clearly the fact that Defendants' desired to file a Reply Brief with the Court, they could not do that without the Court's permission, and as of October 2, 2006 no such permission had been granted.  The fact that the "Motion to Strike" is in reality a Reply Brief in the guise of a "Motion to Strike," it is revealed not only by the chronology of the filings in this action, but by the substantive argument set forth in the Motion to Strike as well.

In the first two pages of their Motion, Defendants set forth the legal standard establishing that this Court should not rely upon any portions of Plaintiff's Opposition which is based upon "conclusory allegations, improbable inferences, and unsupported speculation."  They also note that assertions based on unreliable hearsay should not be allowed.  However, a reading of Defendants' Brief reveals that only a few of the approximately 17 statements which Defendants desire be stricken from the record are objected to on the basis that they are either hearsay or "conclusory allegations, improbable inferences, and unsupported speculation."

What is indeed clear from a reading of Defendants' argument is that Defendants do not agree with the statements set forth by Plaintiff as the statements tend to undermine Defendants' theory of their defense, and Defendants are not pleased with the inferences which might properly be drawn from those statements.  However, in relation to the great majority of the statements being contested, rather than pointing out with any certitude that the statements are improper, Defendants have set forth a brief allegation that the statements are either "too vague" or "are

misleading" or are "unsupported opinion," but then proceed to set forth a lengthy argument as to why the Court should not give weight to those statements.

The Opposition is based mainly upon an argument that the inferences the Plaintiff would have the Court draw from these statements are incorrect, rather than proving to the Court that the statements may not properly be considered on Summary Judgment.

The prime example of this is found on page 10 of the Defendants' Brief, when they object to "¶22 of NOL Statement, last sentence." This is the sentence in which Plaintiff indicates that the Complaint in this action was served upon the wife of the Defendant Chief Carter approximately three weeks before Nancy O'Loughlin was informed that she was being demoted two ranks as a result of a disciplinary decision made by Chief Carter, and presumably less than three weeks after Chief Carter made his disciplinary decision. The inference to be drawn is that in light of the severity of the discipline afforded Nancy O'Loughlin, and the closeness in time between the service of a lawsuit upon Chief Carter's wife and the announcement of the discipline, the discipline must have been based in part upon anger and retaliation by Chief Carter against Plaintiff for having filed the lawsuit.

Although Defendants certainly have the right to argue that there is no causal relationship between the service of the Complaint and the disciplinary decision, there is simply no basis for Defendants' claim that this factual statement is "misleading and should be stricken." There is nothing misleading about the factual statement, and there is absolutely no reason that this statement is improper in the context of a Rule 56.1 Statement. Plaintiff is asserting that, among other things, her filing of a Complaint in this action and service of that Complaint upon Defendant Carter was a protected activity, and that given the close temporal relationship between that protected activity and her discipline, an inference must arise that the discipline was in retaliation for the protected activity. Defendants' argument on this point indicates with clarity that the purpose of the "Motion to Strike" was, in reality, to place a Reply Brief before the Court.

The "Motion to Strike" which has been filed by Defendants is in reality a Reply Brief which has been filed without the Court's permission, and should be denied in its entirety.

**2.      *THERE IS NO BASIS TO STRIKE ANY OF THE FACTUAL STATEMENTS BEING OBJECTED TO BY DEFENDANTS.***

Contrary to Defendants' claims, the 17 factual assertions set forth by Plaintiff which Defendants seek to strike are properly before the Court.  They should not be stricken by the Court and must be considered by the Court, for the following reasons:

**[a]      Paragraph 1 of Rule 56.1 Statement.**

This paragraph sets forth the statements of former interim Chief of Police Flemming that assignment to the Detail Unit was considered a "punishment assignment" and was considered "the Siberia of the Police Department."  The perception of the detail unit by a former Chief of Police of the Department and the fact that a former Chief realized that assignment to this position was viewed by subordinates as a punishment assignment, is certainly relevant to determining whether or not Defendant Carter's assignment of Nancy O'Loughlin to the Detail Unit was a "punishment assignment."  The statements by former Chief Flemming were based upon his many years of experience in the MBTA Police Department, his many years as a superior officer and his role as Chief.

The nature of the Detail Unit position as a punishment position bears not only on the motives on Chief Carter in assigning Nancy O'Loughlin to that position, but also upon whether assignment to the Unit may be considered an adverse action.  To the extent that assignment to this position was viewed (for a Lieutenant) to be a loss of status, would have bearing upon whether Carter's actions in assigning O'Loughlin to this position would be actionable.

Flemming has testified that he viewed the position as a punishment position, that the position was viewed as a punishment position within the Police Department, that former Chiefs had used the position as a punishment position, that there was no reason for Nancy O'Loughlin to be placed in this position, and perhaps most importantly, <u>that he, former Chief Flemming, had informed Chief Carter that the position was viewed as a punishment position.</u>

Although Defendants may argue that the Detail Unit position was not a punishment assignment, that Chief Carter did not view it as a punishment assignment, and that Chief Carter was not intent on punishing Nancy O'Loughlin by placing her in

that position, <u>the various statements by former Chief Flemming regarding the nature of the Detail Unit position as being a punishment position, are properly before the Court.</u> As with most of the factual statements with which Defendants take issue. Defendants fail to distinguish between statements that they do not agree with, and statements which are not properly before the Court and should be stricken. It goes without saying that the mere fact that Defendants may disagree with some of the factual statements or the inferences to be drawn from them, does not support the argument that the statements should be stricken. Rather, if anything, Defendants' arguments just lend strength to Plaintiff's claims that there are genuine issues of material fact in dispute in this action and that therefore the Summary Judgment Motion should be denied.

**[b]      Paragraph 2 of Rule 56.1 Statement.**

For the reasons set forth above, Paragraph 2 of Plaintiff's Rule 56.1 Statement must not be stricken.

**[c]      Paragraph 3 of Rule 56.1 Statement.**

As is set forth above, the facts in this paragraph relating to whether Defendant was informed that the Detail Unit position had been used as a punishment position is clearly relevant to determining Defendant Carter's motivation for transferring Nancy O'Loughlin to that position. Although Defendants have set forth a variety of arguments in which they claim that the Detail Unit position was not a punishment position, they have not set forth an adequate basis for this statement to be stricken.

**[d]      Paragraph 5 of Rule 56.1 Statement.**

As is set forth above, it is highly relevant to the Motion for Summary Judgment (and properly before the Court) that a former Chief of the MBTA Police Department, Flemming, felt that Nancy O'Loughlin was properly performing her job, that there was no reason to move her into the Detail Unit position, that placing Nancy O'Loughlin into the Detail Unit position was indeed a punishment for her and that Flemming (who had informed Chief Carter that the position was viewed as a punishment position and had been used as such) was "stunned" when Nancy O'Loughlin was transferred into that position. All of these facts undercut Defendants' claim that Chief Carter had no improper motive in placing Nancy O'Loughlin in the position. <u>Defendants' statement that</u>

<u>Flemming's opinion is "irrelevant" or is of "no consequence" is not a basis to strike this paragraph of the Rule 56.1 Statement.</u>

**[e]    Paragraph 9 of Rule 56.1 Statement.**

This is the statement in which Flemming testified that after Nancy O'Loughlin was informed of her transfer to the Detail Unit, Chief Carter stated to Flemming "look at the way she dresses," and Flemming took that to be a negative comment. This is not an "ambiguous" statement as alleged by Defendants, but rather one from which can be inferred either bad will or hostility against Nancy O'Loughlin on the part of Chief Carter, particularly in light of the fact that Flemming did not feel that Nancy O'Loughlin was in any way dressed inappropriately. Once again, to the extent that Defendants' argue that the comment is either not negative or "ambiguous," that simply illustrates that there is another genuine issue of material fact at issue in this case which calls for the denial of the Summary Judgment Motion.

**[f]    Paragraph 14 of Rule 56.1 Statement.**

This paragraph is one in which it is indicated that former Chief Flemming is of the opinion that Nancy O'Loughlin was doing a good job in her work and that there was no reason to transfer her. The fact that Nancy O'Loughlin was felt by the Chief of the Department to be doing a good job and should remain in her position certainly has bearing in analyzing the motives of a new Chief for suddenly transferring Nancy O'Loughlin to a position which was viewed as a punishment position. There was no basis set forth to strike this section of the Rule 56.1 Statement.

**[g]    Paragraph 17 of Rule 56.1 Statement.**

This factual statement relates to Chief Carter berating Flemming because Flemming had allowed a memo to be signed and distributed by Nancy O'Loughlin in Flemming's absence (despite the fact that other officers in comparable positions had issued memos under their names in similar circumstances). Although Flemming did not recall the exact date of this statement, it clearly shows that Nancy O'Loughlin was treated differently by Chief Carter than other similarly situated employees were, and an inference can be drawn that there was bad will or animus against Nancy O'Loughlin by Chief Carter. The

statement is not too "vague" to be relied upon by the Court. The statement must not be stricken.

**[h]    Paragraph 18 of Rule 56.1 Statement.**

This is the paragraph in which Flemming relates Chief Carter being overheard stating "vengeance will be mine" due to lawsuits which had been filed against him. Additionally, this paragraph of the Rule 56.1 Statement refers to an incident when the Command Staff appeared overly anxious to catch Nancy O'Loughlin in a possible act of misconduct. Although the statements by Flemming are based upon hearsay, Plaintiff asserts that in light of Flemming's credibility, and the lack of any evidence that the individuals from whom he may have heard this statement were biased, the statement is indeed reliable under Rule 807 of the Federal Rules of Evidence (the "residual exception" to the hearsay rule). In any event, given the nature of the statement and the individual making it, an experienced senior officer in the MBTA Police Department with many years of experience on the job, whose credibility has not been questioned, any issues regarding these statements should go to the weight to be given to them by the Court, rather than whether they should be stricken.

**[i]    Paragraph 22 of Rule 56.1 Statement.**

This is the statement dealing with the service of the Complaint upon Chief Carter's wife. This matter has been discussed in a preceeding section of this Brief. This statement should not be stricken.

**[j]    Paragraph 27 of Rule 56.1 Statement.**

This statement of Flemming regarding the difficulties faced by females in policing and the general history of Nancy O'Loughlin as a policeman, is background information which would be helpful to the Court. There is no basis to strike it.

**[k]    Paragraph 28 of Rule 56.1 Statement.**

Once again, the information provided is background information which may be helpful to the Court. There is no basis to strike it.

**[l]    Paragraph 38 of Rule 56.1 Statement.**

As the Court is aware, the defamation claim brought by Plaintiff against Defendants involves statements made by Defendant Michael Mulhern to Boston Globe Reporter Mac Daniel. The claim involves, among other things, statements by Defendant

Mulhern as to whether Nancy O'Loughlin was involved in an investigation at the Police Department and whether Nancy O'Loughlin was the subject of a criminal investigation. It is highly relevant to this claim what Mr. Daniel's understanding was of Mr. Mulhern's statement to him that he "could neither confirm nor deny" an assertion made by Mr. Daniel regarding this matter.  Similarly, Defendants' claim that the statement is not "relevant" to this action is no basis to strike it.  Once again, Defendants are engaging in a Reply argument which is improper as part of a Motion to Strike.

**[m]    Paragraph 44 of Rule 56.1 Statement.**

This statement involves the assertion by former MBTA Chief of Police Thomas O'Loughlin that Reporter Mac Daniel had admitted to him that Michael Mulhern had told Mac Daniel that Nancy O'Loughlin was the subject of a criminal investigation and that Nancy O'Loughlin was one of the officers subject to an investigation and was also the subject of an investigation for criminal conduct.  Although the statement may be hearsay, Plaintiff asserts that for the purposes of opposing the Motion for Summary Judgment, the statement falls within Rule 807 of the Federal Rules of Evidence (the "residual exception") by virtue of its reliability.  There has been no indication that former MBTA Chief of Police (and current Milford Chief of Police) Thomas O'Loughlin is not a credible witness or that he has any interest in this particular proceeding.  To the extent that the statement is based upon hearsay, this should go more to the weight given to the statement by the Court than whether the statement should be stricken.  The statement should not be stricken.

**[n]    Paragraph 45 of Rule 56.1 Statement.**

This statement by former MBTA Chief of Police Thomas O'Loughlin that MBTA Deputy Chiefs had testified that the assignment of a superior officer to the Detail Unit would be a punishment assignment, should not be stricken.  To the extent that this is a hearsay statement, it is reliable and for the purposes of the Opposition to the Motion for Summary Judgment, it should be considered by the Court.

**[o]    Paragraph 47 of Rule 56.1 Statement.**

As they have done previously, Defendants are submitting argument that they disagree with the factual statements made in this paragraph.  However, there is no basis supplied which would be grounds for the Court to strike this statement from the record.

The argument about the statement is proper for a Reply Brief, but not for a Motion to Strike. The statement should not be stricken.

**[p]      Nancy O'Loughlin Affidavit, Paragraph 1.**

As they have done previously, Defendants are submitting arguments that they disagree with the factual statements made in this paragraph. However, there is no basis supplied which would be grounds for the Court to strike this statement from the record. The argument about the statement is proper for a Reply Brief, but not for a Motion to Strike. The statement should not be stricken.

**[q]      Nancy O'Loughlin Affidavit, Paragraphs 5-7.**

In these paragraphs of her Affidavit, Nancy O'Loughlin discusses the fact that despite having prevailed in the Arbitration regarding her demotion, the MBTA delayed for nearly two (2) months in issuing her any of the back pay she was awarded. She also discusses the fact that she still had not been paid portions of the back pay award almost five (5) months later, had not be placed in one of the command positions she would have been able to bid for had she not been demoted, had been placed in a position that was appropriate for a lower level civilian rather than a Lieutenant, and that requests from other police departments for her to work on graffiti investigations (in which she is an expert) were being denied by Defendant Chief Carter. Defendants argue that these statements are not proper in the context of this action, as questions regarding the Arbitration Award are "a matter to be resolved in the context of the Arbitration." [1]

Plaintiff does not claim that this Court has authority to directly address any of the criticisms Plaintiff has regarding the MBTA's failure to fully and properly implement the Arbitration Award in her favor. However, she does claim that the MBTA's failure to implement the Arbitration Award, failure to pay her the monies she was awarded in the Arbitration Award and failure to assign her to a meaningful position despite her being reinstated to the position of Lieutenant, are reliable evidence tending to prove that the MBTA is continuing to retaliate against her for her having filed Charges of Discrimination, and having filed this lawsuit.

---

[1] Plaintiff notes that even as of the date of the submission of this Opposition, Defendants are continuing to take actions to either delay or prevent Plaintiff from obtaining the full relief to which she is entitled after having prevailed in her Arbitration.

Plaintiff also asserts that to the extent the actions of the MBTA in failing to properly or completely carry out the Arbitration Award are deemed to be further acts of retaliation for Plaintiff having either filed Charges of Discrimination or filed this lawsuit, such matters are indeed properly before this Court and are matters for which Plaintiff could be awarded damages by this Court.  However, even if the Court is of the opinion that these further retaliatory actions cannot be the subject of damages in this lawsuit, **these further retaliatory action tends to prove that the adverse actions taken against Nancy O'Loughlin which are the subject of this lawsuit, were indeed retaliatory.**

To the extent that the Court believes it appropriate for Plaintiff to Amend her Complaint to include these actions of retaliation which occurred subsequent to the filing of the Complaint in this action, Plaintiff will promptly do so.

**CONCLUSION**

For all the foregoing reasons, it is respectfully requested that the Motion to Strike be denied in full.

Respectfully submitted,
NANCY O'LOUGHLIN
By her attorney,

/s/Mitchell J. Notis

_____
MITCHELL J. NOTIS, BBO# 374360
*Law Office of Mitchell J. Notis*
370 Washington Street
Brookline, MA 02445
Tel: 617-566-2700

DATED:  October 15, 2006

**CERTIFICATE OF SERVICE**

I, Mitchell J. Notis, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to any non-registered participants as indicated in the Notice of Electronic Filing, this 15th day of October, 2006.


/s/Mitchell J. Notis


_____
MITCHELL J. NOTIS, BBO# 374360
Law Office of Mitchell J. Notis
370 Washington Street
Brookline, MA 02445
Tel: 617-566-2700