UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NANCY O'LOUGHLIN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 04-10933-JLT |
| | * | |
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, JOSEPH CARTER, AND MICHAEL MULHERN | * * * * | |
| | * | |
| Defendants. | * | |

ORDER

November 6, 2006

TAURO, J.

After considering the submissions of the parties, this court hereby orders that:

1. Defendants MBTA and Joseph Carter's <u>Motion to Strike Statement of Material Facts</u> [#52] and Defendant Michael Mulhern's <u>Motion to Strike Portions of Plaintiff's Statement</u> [#55] are GRANTED IN PART AND DENIED IN PART, as follows:

    a. As a former Acting Chief, William Fleming is competent and qualified to make statements regarding his opinion on whether the Detail Unit is considered a punishment assignment and on the adequacy of Plaintiff's work. His statements in these matters are not stricken.

    b. Defndant Carter's alleged remark regarding Plaintiff's attire, as well as

    Fleming's understanding of the attendant circumstances, are admissible; discerning the remark's meaning is a question of fact, not of evidence.

  c. Because Mac Daniel's understanding of Defendant Mulhern's comments can be relevant in a defamation case,[1] these remarks are not stricken.

  d. Mr. O'Loughlin's report that Mr. Daniel said that Mr. Mulhern made the defamatory remarks is hearsay not within any exception. This statement (¶44 of Mrs. O'Loughlin's Statement of Material Facts) is stricken.

  e. Having not relied upon any other of the challenged statements in its decision, the court denies as moot the remaining portions of the motions to strike.

2. Defendants MBTA and Carter's Motion for Summary Judgment [#34] is DENIED;

3. Defendant Mulhern's Motion for Summary Judgment [#33] is DENIED;

IT IS SO ORDERED.

                /s/ Joseph L. Tauro
                United States District Judge

---

[1] "If the maker of the communication intends to defame the other and if the person to whom it is made so understands it, the meaning so intended and understood is to be attached to it." Restatement (Second) of Torts, § 563 (1977).