UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NANCY O'LOUGHLIN,<br>    Plaintiff,<br><br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY,<br>JOSEPH CARTER, and MICHAEL<br>MULHERN,<br>    Defendants. | C.A. No. 04-10933 JLT |

### MOTION OF DEFENDANTS MASSACHUSETTS BAY TRANSPORTATION AUTHORITY AND JOSEPH CARTER FOR LEAVE TO PRESENT EXPERT TESTIMONY AT TRIAL

### INTRODUCTION

Defendants Massachusetts Bay Transportation Authority ("the Authority") and Joseph Carter ("Carter")(collectively "defendants") hereby move the Court to allow them to present the testimony of an expert in police practice, procedure, administration and discipline at the trial of this matter. Defendants have not previously designated an expert, although counsel for the plaintiff was informed some time ago that they might seek to introduce such expert testimony. As reasons for this motion, defendants state:

1. On December 9, 2004 and January 6, 2005, the Court issued discovery orders in this case.

2. On November 6, 2006, the Court denied defendants' motions for summary judgment.

3. A final pretrial conference was scheduled for February 28, 2007.

4. The parties subsequently agreed to mediate the case and a mediation took place on March 2, 2007. The final pretrial conference was postponed. On February 8, 2007, the Court ordered counsel to report to the Court the results of mediation immediately upon completion, and that if case had not been resolved a final pre-trial conference would be immediately scheduled, in order to set a trial date.

5. After the mediation, the parties had until March 12, 2007 to notify the mediator as to whether settlement would be accepted on the terms proposed by the mediator.

6. On March 13, 2007, the Court established a trial date of May 7, 2007.

7. On March 23, 2007, defendants retained the services of, Lou Reiter, an expert in police practice, procedure, administration and discipline.

8. Counsel for defendants notified plaintiff's counsel that defendants might seek to admit expert testimony at least a month prior to the time the expert was retained. On March 28, 2007, plaintiff's counsel was formally notified in writing that defendants had retained an expert. Plaintiff's counsel was also sent a copy of the expert's resume at that time.

9. A copy of the expert's report has been forwarded to plaintiff's counsel and a copy is attached as Exhibit A. Plaintiff's counsel is free to depose the expert at any time and the MBTA will bear the entire cost of the expert's expenses, preparation time, and deposition costs.

10. A party may present testimony by a qualified expert if the individual's "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evidence 702. Conversely, expert testimony does not assist where the fact finder does not need an opinion because factual determinations can be derived from "common sense, common experience, the [trier of fact's] own perceptions, or

simple logic." <u>United States Of America v. Zajanckauskas</u>, 441 F.3d 32, 39 (2006) <u>citing</u> 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure § 6264 (2005).

11. Defendants believe that the normal operations of paramilitary organizations, such as police departments, are beyond the common experience and knowledge of most citizens. Therefore, the proffered testimony of their expert will help the jury understand how police departments operate and among other things: (1) why a chain of command is universally implemented in paramilitary organizations such as a police departments and why the chain of command is important; (2) how the chain of command makes the relationship between superior and subordinate officers in paramilitary organizations different from the relationships between individuals at different levels of a business organization; (3) how the chain of command can be undermined and the potential effects of such actions; and (4) whether the actions of the plaintiff in this case had the potential to undermine the chain of command and weaken the structure of the police department.

12. The Authority is mindful of its duty to preserve the public funds with which it is entrusted and therefore, was reluctant to retain an expert until it was clear that trial was required. Defendants initially intended to inform the court of their intention to present expert testimony at the pre-trial conference, which ended up being postponed due to the mediation. After the mediation, when it became clear that it would not be possible to reach a settlement and that a trial was unavoidable, defendants expended the monetary resources necessary to retain the expert. In short, because of the mediation and the subsequent postponement of the conference, defendants now present this motion.

13. Federal Rules of Civil Procedure 26(a)(2)(C) states that absent contrary orders from the court, a party must disclose the existence of an expert witness at least 90 days before

the trial date or the date the case is to be ready for trial." In this instance, the defendants were unable to disclose its expert within that time frame because there was not 90 days between the time the Court ordered the case to trial and the trial date.

14. "The purpose of the expert disclosure rules is to facilitate a fair contest with the basic issues and facts disclosed to the fullest practical extent." Poulis-Minott v. Smith, 388 F.3d 354 (1st Cir. 2004). The purpose of the rules will be fulfilled if the Court grants this motion. Defendants have fully informed plaintiff's counsel of all facts and issues on which the expert is expected to testify and he has received the expert report. The expert will be made available for deposition at the convenience of plaintiff's counsel. The MBTA will bear the entire cost of the expert's expenses, preparation time, and deposition costs.

15. Therefore, plaintiff will not be prejudiced if the expert is allowed to testify.

16. The allowance of this motion will aid the interests of justice because the presentation of expert testimony will help the jury understand how police departments differ from retail, commercial, or other employers. He will present and put into context issues of which the average juror may have no knowledge.

WHEREFORE, defendants respectfully request the Court to grant this motion to allow them to present expert testimony.

Respectfully submitted,

DEFENDANT MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY AND
JOSEPH CARTER

By their attorneys,

/s/ Walter B. Prince
Walter B. Prince, BBO# 406640
Joseph L. Edwards, Jr., BBO# 564288

> Prince, Lobel, Glovsky & Tye LLP
> 100 Cambridge Street, 22nd Floor
> Boston, MA 02114
> (617) 456-8000

Dated: April 5, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 5, 2007.

> /s/ Walter B. Prince
> Walter B. Prince