UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY O'LOUGHLIN,<br>    Plaintiff,<br><br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY,<br>JOSEPH CARTER, and MICHAEL<br>MULHERN,<br>    Defendants. | C.A. No. 04-10933 JLT |

## MOTION OF DEFENDANTS MASSACHUSETTS BAY TRANSPORTATION AUTHORITY AND JOSEPH CARTER FOR LEAVE TO DEPOSE PLAINTIFF'S LATE DISCLOSED WITNESS

### INTRODUCTION

Defendants Massachusetts Bay Transportation Authority ("the Authority") and Joseph Carter ("Carter") (collectively "defendants") hereby move the Court to allow them to depose a witness plaintiff disclosed after the close of discovery. As reasons for this motion, defendants state:

1. On December 9, 2004 and January 6, 2005, the Court issued discovery orders in this case. The Court ordered that no further discovery was authorized without leave of Court.

2. Discovery closed in this case on 1/26/06.

3. On November 6, 2006, the Court denied defendants' motions for summary judgment.

4. On December 21, 2006, the Court scheduled a final pretrial conference for February 28, 2007.

5. In December 2006, counsel for the plaintiff notified defendants that plaintiff had consulted with a police department priest between 12 and 24 times to discuss the discrimination and retaliation she was allegedly subjected to by defendants.

6. The parties subsequently agreed to mediate the case and a mediation took place on March 2, 2007. The final pretrial conference was postponed.

7. After the mediation, the parties had until March 12, 2007 to notify the mediator as to whether settlement would be accepted on the terms proposed by the mediator.

8. On March 13, 2007, the Court established a trial date of May 7, 2007.

9. Defendants had initially intended to raise the subject of deposing the priest at the pretrial conference and did not seek leave of court while the mediation was pending.

10. A deposition of the priest is significant because one of the issues plaintiff claims was discriminatory and retaliatory was the discipline she was subjected to by Defendant Joseph Carter. Plaintiff sought redress through an arbitration, at which time the arbitrator considered whether the discipline was consistent with the collective bargaining agreement between the Authority and plaintiff's union (the arbitrator did not consider or address any alleged discrimination or retaliation). The arbitrator ultimately reversed the discipline and ordered that plaintiff receive back pay and otherwise be made whole.

11. As a result of the arbitration award, plaintiff is not seeking any lost wages or other economic damages in the instant case. Rather, she is seeking only emotional distress damages. During discovery, plaintiff testified that she did not seek treatment for emotional distress. Now, defendants are faced with a priest who presumably has contemporaneous knowledge of plaintiff's alleged emotional distress.

12. Plaintiff has agreed to present the priest for deposition and she has, to the extent possible, waived any privilege that might exist.

WHEREFORE, defendants respectfully request the Court to grant this motion and allow them to depose plaintiff's late disclosed witness.

Respectfully submitted,

DEFENDANT MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY AND
JOSEPH CARTER

By their attorneys,

/s/ Walter B. Prince
Walter B. Prince, BBO# 406640
Joseph L. Edwards, Jr., BBO# 564288
Prince, Lobel, Glovsky & Tye LLP
100 Cambridge Street, 22nd Floor
Boston, MA  02114
(617) 456-8000

Dated: April 5, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 5, 2007.

/s/ Walter B. Prince
Walter B. Prince