UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 04-10933-JLT

---

NANCY O'LOUGHLIN
*Plaintiff*

v.

MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY
and
JOSEPH CARTER
and
MICHAEL MULHERN
*Defendants*

---

**OPPOSITION OF PLAINTIFF NANCY O'LOUGHLIN
TO MOTION OF DEFENDANTS MBTA AND JOSEPH CARTER
FOR LEAVE TO PRESENT EXPERT TESTIMONY AT TRIAL**

**INTRODUCTION**

Plaintiff Nancy O'Loughlin hereby opposes the Motion of Defendants MBTA and Joseph Carter ("Defendants") to be allowed to present the testimony of an expert witness at the May 7, 2007 trial of this action. As is set forth in greater detail below, Defendants have not complied with F.R.C.P. 26(a)(2) regarding the disclosure of their expert testimony, allowance of the expert testimony at this late date would be unfair to Plaintiff and would cause her extreme prejudice in this action, and finally, the testimony sought to be presented is neither appropriate nor necessary in this action.

This is an action in which a female lieutenant in the MBTA Police Department has claimed that she was subjected to discrimination on the basis of her gender, and retaliation for complaining of discrimination. Although her claims relate to a variety of actions taken by Defendants, much of the testimony at trial will center on the assignment

of Plaintiff to duty at home for approximately six months, and her subsequent double demotion from lieutenant to patrolman.

Plaintiff went to arbitration regarding her assignment to duty at home and double demotion, under the Collective Bargaining Agreement pursuant to which she is employed. Lieutenant O'Loughlin was successful in that arbitration hearing, and was ordered reinstated to the position of lieutenant with full back pay and benefits. Accordingly, although the question of whether the Defendants' actions on this issue were either discriminatory or retaliatory has not been decided, it has been definitely determined that the assignment to duty at home and the double demotion was improper. Indeed, it is Plaintiff's belief that one of the main reasons Defendants seek to introduce the expert testimony of their proposed expert, Mr. Lou Reiter, is to tangentially attack the validity of the arbitration award.

Discovery in this action closed on January 29, 2006. On November 6, 2006 the Court denied Motions for Summary Judgment. It was not until April 5, 2007 that Defendants provided their expert disclosure pursuant to Rule 26, regarding the opinions that Mr. Reiter would be testifying to in this action.

**ARGUMENT**

1. <u>The Defendants should not be allowed to present the testimony of Mr. Reiter as they have not complied with F.R.C.P. 26(a)(2) in a timely manner.</u>

Pursuant to F.R.C.P. 26(a)(2), Defendants were required to disclose Mr. Reiter's testimony no later than 90 days prior to trial. To the contrary, Defendants have provided this information approximately 30 days prior to trial.

The sole reason that Defendants have presented in their Motion as an excuse for failing to abide by F.R.C.P. 26(a)(2), is that they desired to save the expense of retaining an expert should his testimony not prove necessary. This excuse is preposterous.

Defendants have retained two of the most prestigious law firms in Boston to defend them in this action, and the defense of this action at trial will be conducted by two of the senior litigation partners in those law firms. The proposition that Defendants did not provide proper expert disclosure solely due to their concern about costs, is simply not credible.

If the argument that late expert disclosure should be excused due to an attempt to save costs is accepted by this Court, virtually any Defendant could disclose expert testimony as late as possible, and simply claim that they did not know when trial would be scheduled and were attempting to save expenses. This excuse is untenable.

2.      Allowing the expert testimony at this late date would be unfair to Plaintiff and unduly prejudicial.

The trial of this action is scheduled to take place on May 7, 2007. That is approximately 30 days from the time that Defendants provided their expert disclosure and certainly will be less than 30 days after this Court determines Defendants' Motion. In either event, this is not an adequate time to allow Plaintiff to attempt to obtain an expert to testify against the opinions set forth by Mr. Reiter. Even more importantly, it is not enough time (whether or not Plaintiff were to retain an expert) for Plaintiff to adequately research the numerous activities in which Mr. Reiter has been involved, his numerous publications, and the numerous cases in which he claims to have testified. All of this research would be necessary for an effective cross-examination of Mr. Reiter. A brief review of Mr. Reiter's resume reveals that he claims to have testified in at least 82 court cases all over the United States, and to have written 29 books or publications.

In addition to the fact that the 30 day time period to prepare for Mr. Reiter's testimony would be inadequate in any event, Plaintiff notes that her attorney is a sole practitioner and that (as is known to counsel for the Defendants) he has been scheduled for some time to conduct a jury trial in Plymouth Superior Court starting on April 23, 2007. Finally, for the past week and into part of next week, counsel for Plaintiff will be conducting depositions against the law firm defending the MBTA and Chief Carter in this action, in a different MBTA lawsuit.

3

For all the foregoing reasons, it would unfair and unduly prejudicial to Plaintiff to allow Defendants to introduce the expert testimony proposed in their Motion at this late date.

3.     The Proposed Expert Testimony is Neither Appropriate Nor Necessary

Based upon a review of the expert disclosure provided by Defendants it appears that the only testimony or opinion to be provided by Mr. Reiter which relates specifically to this action is that the MBTA Police Department is a paramilitary organization, that it is important for it to have a chain of command, that the chain of command makes the relationship between superior and subordinate officers different than relations between individuals in a different type of business organization, that there are certain ways in which the chain of command can be undermined, and whether the actions of Plaintiff in this case have the potential to undermine the chain of command and weaken the structure of the Police Department.

Initially, opinions of this type are simply not necessary in this action.  The fact that a Police Department is somewhat different than other corporate or business entities is a matter of common knowledge, and additionally it is a matter of common knowledge that there is a "chain of command" in such organizations.  Mr. Reiter's testimony is absolutely not required to provide the jury with such information.

Secondly, to the extent that Mr. Reiter's testimony would somehow imply that the MBTA Police Department is not subject to the federal and state civil rights laws in the same manner as would be a non-police employer, the opinion is misleading, incorrect and misstates relevant law.

Finally, it is Plaintiff's belief that the most important reason, if not the sole reason, that Defendants are attempting to introduce the testimony of Mr. Reiter is to be able to essentially relitigate the issue of Plaintiff's suspension and double demotion.  Obviously, the fact that Plaintiff's double demotion was overturned in arbitration and that she was

4

ordered reinstated with full back pay and benefits (and thus that the suspension and double demotion was improper) will come into evidence in this case. It is also obviously Plaintiff's intention to introduce the arbitration decision itself for a variety of reasons. Plaintiff asserts that although it has not been determined whether the reason for the double demotion was either <u>discriminatory</u> or <u>retaliatory</u>, it <u>has</u> been determined as a matter of law in this case, that Plaintiff's demotion was <u>improper</u>. Accordingly, in order to try to counter the impact and weight that such factual evidence will have upon the jury, Defendants are engaging in a "back door" attempt to relitigate the issue of the demotion, and to cast doubt on the validity of the arbitration decision, through the testimony of their expert. This must not be allowed.

**CONCLUSION**

For all the foregoing reasons, it is respectfully requested that Defendants' Motion to Present Expert Testimony in this action be denied.

Respectfully submitted,
NANCY O'LOUGHLIN
By her attorney,

/s/Mitchell J. Notis

_____
MITCHELL J. NOTIS, BBO# 374360
*Law Office of Mitchell J. Notis*
370 Washington Street
Brookline, MA 02445
Tel: 617-566-2700

**CERTIFICATE OF SERVICE**

I, Mitchell J. Notis, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to any non-registered participants as indicated in the Notice of Electronic Filing, this 9th day of April, 2007.

/s/Mitchell J. Notis

_____
MITCHELL J. NOTIS, BBO# 374360
Law Office of Mitchell J. Notis
370 Washington Street
Brookline, MA 02445
Tel: 617-566-2700