UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NANCY O'LOUGHLIN,<br>　　　　Plaintiff,<br><br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY,<br>JOSEPH CARTER, and MICHAEL<br>MULHERN,<br>　　　　Defendants. | )<br>)<br>)<br>)　C.A. No. 04-10933 JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MOTION IN LIMINE OF DEFENDANTS MASSACHUSETTS BAY TRANSPORTATION AUTHORITY AND JOSEPH CARTER TO EXCLUDE ARBITRATION EVIDENCE, AND MEMORANDUM IN SUPPORT

Defendants Massachusetts Bay Transportation Authority ( the "Authority") and Joseph Carter ("Carter")(collectively "defendants") hereby move in limine to preclude Plaintiff Nancy O'Loughlin ("O'Loughlin") from introducing at trial any documentary or testimonial evidence relating to the arbitration proceeding between the MBTA Police Superior Officers Association and the Massachusetts Bay Transportation Authority, A.A.A. Case No. 1139-2105-04, conducted on various dates in 2005, and the Arbitrator's Opinion and Award issued on March 20, 2006.  A copy of the Arbitrator's decision is attached hereto.  Such evidence is irrelevant, because the arbitrated issue has no bearing on this case.  Moreover, even if relevant, the findings and conclusion of the arbitrator are unduly prejudicial and likely to confuse the issues and mislead the jury.  For these reasons, defendants request that any testimony or other evidence regarding the arbitration proceeding and award be excluded.

## BACKGROUND

O'Loughlin joined the Authority's Transit Police Department (the "department") in 1983. She is currently a lieutenant. Carter, an African American man, has been chief of the department since January 2003. Among other things, O'Loughlin claims that Carter discriminated against her by assigning her to certain positions of command within the department and by subjecting her to additional slights. In October 2003, O'Loughlin filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") alleging that Carter discriminated against her on the basis of her gender when he assigned her to the department's detail unit in August 2003. In her present complaint, she alleges that Carter later disciplined her in retaliation for filing the MCAD complaint. O'Loughlin also charges that the Authority retaliated against her by defaming her in a newspaper article. Her claims arise under Title VII and G.L. c. 151B, as well as 42 U.S.C. § 1983 and G.L. c. 12 § 11I, the state Civil Rights Act.

In early 2004, Carter learned that O'Loughlin had disparaged members of the command staff to subordinates over a recorded telephone line. Because he believed that the conduct undermined the chain of command and was detrimental to the department, Carter charged O'Loughlin with violating department regulations.[1]

Pursuant to the collective bargaining agreement, a just cause hearing was held on the charges against O'Loughlin in accordance with G.L. c. 31, § 41 (civil service just cause hearing). O'Loughlin attended the hearing but refused to testify or offer any evidence in her own defense. The hearing officer found just cause to sustain the charges and in his written decision, determined that O'Loughlin's conduct was "incompatible with the duties and responsibilities of a superior officer." A copy of the just cause decision is attached hereto. Based on the hearing

---

[1] A male lieutenant and several male police officers were also charged with violating department rules because of their conversations on the same recorded telephone line.

officer's finding that just cause existed to discipline O'Loughlin, Carter demoted her two ranks to the rank of patrol officer.[2]

O'Loughlin's union appealed her discipline to an arbitrator, who considered a single issue: whether there was just cause to demote O'Loughlin under the terms of the collective bargaining agreement, the rules of the department, and the department's past practices. Unlike the hearing officer, the arbitrator heard testimony from both sides. The arbitrator found that just cause did not exist to demote O'Loughlin. He ordered O'Loughlin reinstated to the rank of lieutenant and awarded her back pay.[3] O'Loughlin now seeks to introduce evidence of the arbitration proceedings and award at the trial of her discrimination and civil rights claims.

## ARGUMENT

This Court clearly has discretion to exclude evidence of the arbitration proceeding and award. See Arlio v. Lively, 474 F.3d 46, 52-53 (2d Cir. 2007); Costa v. Desert Palace, 299 F.3d 838, 863 (9th Cir. 2002); Jackson v. Bunge Corp., 40 F.3d 239, 246 (7th Cir. 1994); McAlester v. United Air Lines, Inc., 851 F.2d 1249, 1259 (10th Cir. 1988); Wilmington v. J.I. Case Co., 793 F.2d 909, 918-919 (8th Cir. 1986); Perry v. Larson, 794 F.2d 279, 284-85 (7th Cir. 1986). See also Smith v. Massachusetts Institute of Technology, 877 F.2d 1106, 1113 (1st Cir. 1989) (holding that district court had discretion to exclude investigative reports by Equal Employment Opportunity Commission in subsequent age-discrimination lawsuit). Such evidence must be

---

[2] The male lieutenant was also demoted two ranks. The patrol officers received discipline ranging in severity from a reprimand to termination. Two officers were terminated.

[3] The male lieutenant also arbitrated his demotion and was ordered reinstated with back pay by a different arbitrator. Several of the patrol officers arbitrated the discipline they received. The two patrol officers who were terminated from their positions were ordered reinstated by yet another arbitrator, and arbitrators decreased the suspensions of all but one of the remaining patrol officers.

excluded because it is irrelevant to this case. See Fed. R. Evid. 402. Moreover, it is unduly prejudicial, and likely to confuse the issues or mislead the jury. See Fed. R. Evid. 403.[4]

### A. Evidence Of The Arbitration Proceeding And Award Is Irrelevant To This Action.

The arbitration proceedings and the resultant decision are irrelevant to this case, because – as the plaintiff herself acknowledges – the issues of discrimination and retaliation were not even addressed in the arbitration. See Costa, 299 F.3d at 863. See also Arlio, 474 F.3d at 52; Jackson, 40 F.3d at 246. Moreover, whether an employer's action was fair or wise has no bearing on a discrimination claim. See Joyal v. Hasbro, Inc., 380 F.3d 14, 19 (1st Cir. 2004), citing Wheelock College v. Massachusetts Comm'n Against Discrimination, 355 N.E.2d 309, 315, 371 Mass. 130 (1976). The factual and procedural history of this case is quite similar to that of Arlio v. Lively, 474 F.3d 46 (2d Cir. 2007). There, the plaintiff police officer sought arbitration of his grievance that the police chief had disciplined him without just cause under the union's collective bargaining agreement. Id. at 49-50. The state Arbitration Board agreed with the plaintiff and issued a written decision, finding no just cause and awarding him back pay. Id. at 50. Plaintiff then sued the police chief in federal court under 42 U.S.C. § 1983, claiming he was unconstitutionally disciplined for exercising his First Amendment rights. See id.

At trial, the defendant moved in limine to exclude any evidence of the prior arbitration proceeding. Arlio, 474 F.3d at 50. The district court nonetheless allowed the plaintiff to testify about the arbitration proceeding and award, ostensibly to explain why the plaintiff was not seeking damages for back wages. Id. The judge gave the jury a limiting instruction on the issue.

---

[4] Such evidence should also be excluded because it constitutes inadmissible hearsay that does not fall under the exception for "public records." See McAlester v. United Air Lines, Inc., 851 F.2d 1249, 1259 (10th Cir. 1988) (noting district judge concluded that arbitrator's opinion "did not attain the dignity of a public record under Fed. R. Evid. 803 (8)").

4

Id.  The jury ultimately awarded the plaintiff $250,000 in compensatory and punitive damages. Id.

On appeal, the U.S. Court of Appeals for the Second Circuit held that the testimony about the arbitration was both irrelevant and unduly prejudicial.  Arlio, 474 F.3d at 52.  The evidence was irrelevant because the arbitration "was based solely on the particulars of the union collective bargaining agreement" and "was not in any way an adjudication of [plaintiff's] constitutional claims, nor could it be."  Id.  Moreover, because the plaintiff did not seek damages for lost wages, the arbitration evidence was of no consequence to any live issue at trial.  See id.  The court further held that even if somehow relevant, the evidence was unduly prejudicial because "the jury might have felt a strong compulsion to conform their verdict to the conclusion of the Arbitration Board 'experts.'"  Id. at 53.  In these circumstances, the district court's ruling constituted an abuse of discretion that required a new trial.  Id.

As in Arlio, supra, the arbitration proceeding and decision are irrelevant to the issues in the case at bar.  In this lawsuit, the plaintiff alleges sex discrimination and retaliation in violation of Title VII and G.L. c. 151B, as well as civil rights violations under 42 U.S.C. § 1983 and G.L. c. 12 § 11I.  The issue at the arbitration was whether just cause existed to demote O'Loughlin. As the arbitrator himself said during the proceeding, "Ultimately I have to decide whether this application of the rules is correct and whether the conduct that's complained of actually occurred, and whether it amounts to a violation of the department rules and procedure." (Arb. Tr. at 150, attached hereto as Exhibit A.)  The arbitrator did not consider whether O'Loughlin's treatment by the defendants violated anti-discrimination or civil rights laws, as the plaintiff herself acknowledges.  See Pl's Opp. to Def's Motion for Leave to Present Expert Testimony, at

5 ("[I]t has not been determined whether the reason for the double demotion was either <u>discriminatory</u> or <u>retaliatory</u>...") (emphasis in original).

The fact that the arbitrator found that just cause did not exist to demote O'Loughlin is irrelevant to this proceeding. See <u>Jackson</u>, 40 F.3d at 246 (arbitration decision properly excluded at trial where "[t]he arbitrator never addressed the issue of whether [the defendant] had a retaliatory motive in discharging the plaintiff, but instead focused on whether [the plaintiff] was properly terminated pursuant to the collective bargaining agreement"). Carter based his decision to demote O'Loughlin on findings by a hearing officer, who heard no evidence from O'Loughlin. The sole issue at arbitration – where *both* sides offered evidence – was whether Carter's action was just. But whether an employer's action is fair or wise has no bearing on a discrimination claim. See <u>Joyal</u>, 380 F.3d at 19 ("If the reason given by the employer is the real reason for its action, it does not matter if the employer's action was arbitrary or unwise.") (Internal quotations omitted.) Put another way, O'Loughlin sought to prove at arbitration that Carter's actions were incorrect under the collective bargaining agreement. At trial, she will have to prove that his explanation for the discipline he imposed after the just cause determination was a pretext for discrimination, which has nothing to do with whether his actions were correct or incorrect, fair or unfair. See <u>Joyal</u>, <u>supra</u>.

Moreover, Chief Carter made his decision to impose discipline based upon the results of the just cause hearing at which O'Loughlin declined to testify. The arbitrator heard from both sides, including O'Loughlin. Therefore, the arbitrator's decision, based on additional information, has no bearing on the quality of, and certainly not the motive for, Chief Carter's decision-making.

6

Because the arbitration record does not address "the issue of discriminatory treatment," Perry, 794 F.2d at 284, citing McDonald v. City of West Branch, 466 U.S. 284, 292 n.13 (1984), and the arbitration otherwise has no relation to any other live issue in the case, such as lost wages, see Arlio, 474 F.3d at 52, the arbitral decision is irrelevant and should not be admitted.

### B.    The Arbitration Evidence Is Unduly Prejudicial, And Would Confuse the Issues And Mislead The Jury.

Even if the Court determined that the arbitration evidence is somehow relevant, it should be excluded as unduly prejudicial and likely to confuse the issues and mislead the jurors. See Arlio, 474 F.3d at 53; McAlester, 851 F.2d at 1259; Wilmington, 793 F.2d at 919. "This is a perfect example of when the 'merits of other cases … become inextricably intertwined with the case at bar.'" Arlio, 474 F.3d at 53, quoting Kinan v. City of Brockton, 876 F.2d 1029, 1034 (1st Cir. 1989).[5] Plaintiff's primary motive for introducing the arbitration evidence would be to establish that the discipline imposed on O'Loughlin was "improper". See Pl's Opp. To Def's Motion for leave to Present Expert Testimony at 5. However, as discussed above, whether the demotion was improper under the collective bargaining agreement is a completely separate question from whether it was discriminatory or retaliatory. The Court must not permit the plaintiff to confuse the issues this way.

Moreover, there is a real danger that "[t]he arbitrator's comments and findings regarding the credibility of witnesses who also testified at trial would either usurp the jury's role in assessing credibility or would be unfairly prejudicial," Wilmington, 793 F.2d at 919. The plaintiff well knows that "[t]he allure of a prior expert adjudication must be strong for a jury." Arlio, 474 F.3d at 53. See Pl's Opp. to Def's Motion for Leave to Present Expert Testimony, at

---

[5] In Kinan, the First Circuit upheld the district court's exclusion of evidence of two prior excessive-force lawsuits against the defendants in an action involving allegedly reckless broadcast. See Kinan v. City of Brockton, 876 F.2d 1029, 1034-1035 (1st Cir. 1989).

7

5 (referring to the "impact and weight" that the arbitrator's decision "will have upon the jury"). Such an impression could very well mislead the jury into believing its verdict should correspond with the conclusion reached by the arbitrator. See <u>Arlio</u>, 474 F.3d at 53.

## CONCLUSION

Any evidence regarding the arbitration proceeding or decision is irrelevant to the instant action. Even if somehow relevant, the evidence should be excluded because it would unduly prejudice the defendants and is likely to confuse the issues and mislead the jury. For the foregoing reasons, defendants respectfully request the Court to preclude O'Loughlin from proffering any documentary or testimonial evidence related to the arbitration proceeding and award. Defendants further seek an Order instructing counsel not to mention, comment on or introduce such evidence in the presence of the jury, and to warn the plaintiff and her witnesses not to volunteer such matters.

## REQUEST FOR ORAL ARGUMENT

Pursuant to L.R. 7.1 (D), the Defendants believe that oral argument may assist the court and wish to be heard. Defendants respectfully request the Court to hear oral argument on this motion.

Respectfully submitted,

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY AND JOSEPH CARTER,

By their attorneys,

Joseph L. Edwards, Jr.
Walter B. Prince, BBO# 406640
Joseph L. Edwards, Jr., BBO# 564288
Prince, Lobel, Glovsky & Tye LLP
100 Cambridge St. Suite 2200
Boston, MA 02114
(617) 456-8000

8