UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:  04-10933-JLT

---

NANCY O'LOUGHLIN
Plaintiff

v.

MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY, JOSEPH CARTER
And MICHAEL MULHERN
Defendants

---

PLAINTIFF'S MOTION IN LIMINE
REGARDING USE AND IMPACT OF ARBITRATION AWARD

Plaintiff Nancy O'Loughlin, through counsel, hereby respectfully requests that the Court make certain rulings regarding the arbitration award which was issued in her favor reinstating her to the position of Lieutenant with the MBTA Police Department with full back pay.

At the time this lawsuit was initially filed, Nancy O'Loughlin had been transferred to the Detail Unit (which she claims was a punishment assignment due to her gender) and was later assigned to duty at her home based upon her supposed violation of Department Rules and Regulations in recorded conversations.  Shortly after the suit was served on Defendant Carter, Nancy O'Loughlin was demoted two ranks from Lieutenant to Patrolman.  The Complaint was amended to include the double demotion as an instance of gender discrimination and retaliation. At the time the amended complaint was filed, the demotion was being contested by Lieutenant O'Loughlin through her Union Grievance procedure.

Over the course of the number of months the demotion was arbitrated.  On March 2006, Arbitrator Timothy Buckalew issued his Decision in which he held that there was no just cause for Lieutenant O'Loughlin's demotion.  Among other things, Arbitrator Buckalew held that there

was no coherent basis for the severity of the penalty, and that the evidence did not support the degree of discipline opposed. The Arbitrator also noted that a male lieutenant, Lieutenant (former interim Chief) Flemming, who was also demoted from Lieutenant to Patrolman, arguably should have had more severe discipline than Lieutenant O'Loughlin.

As is set forth in greater detail below, based upon the doctrine of collateral estoppel, Plaintiff asserts that Defendants are estopped from contesting the validity of the arbitration award, that the award should be allowed into evidence and allowed to be used fully, and that it should be held by the Court that it has been conclusively established that there was no just cause for Lieutenant O'Loughlin's demotion and therefore that the demotion was a pretext. Specifically, Plaintiff is requesting the Court to rule as follows:

1. That Plaintiff be allowed to introduce the written arbitration award into evidence, and that she be allowed to refer to the award, quote from the award and use the award for all purposes and during all phases of this trial, including during opening statements and closing arguments.

2. That the Court hold, and instruct the jury at the start of this trial, that based upon the arbitration award:

    [a] Defendants are collaterally estopped from arguing or presenting evidence that the arbitration award was improper.

    [b] Defendants are collaterally estopped from arguing or presenting evidence that the demotion was proper.

    [c] It has been conclusively established as a matter of law that there was no just cause for Plaintiff's demotion.

    [d] It has been conclusively established as a matter of law that there was no legitimate business reason for Plaintiff's demotion.

    [e] It has been conclusively established as a matter of law that the reasons advanced by Defendants for Plaintiff's demotion were a pretext.

    [f] The question to be determined by the jury over the course of this trial is whether the reasons advanced by Defendants for the demotion of Plaintiff were a pretext for discrimination or retaliation.

**ARGUMENT**

In TLT Construction Corp. v. A. Anthony Tappe & Associates, 716 N.E.2d 1044, 48 Mass. App. Ct. 1 (Mass.App.Ct. 1999), the requirements for application of the doctrines of claim preclusion and issue preclusion were spelled out.

In TLT, the Court stated the following at 4:

> "The term "res judicata" includes both claim preclusion and issue preclusion…for claim preclusion…three elements are required: [1] the identity or privity of the parties to the present and prior actions; [2] identity of the cause of action; and [3] prior final judgment on the merits…
>
> …
>
> The doctrine of issue preclusion prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim between the same parties or their privies…it requires proof that: [1] there was a final judgment on the merits in the prior adjudication, [2] the party against whom estoppel is asserted was a party (or in privity with a party) to the prior adjudication, and [3] the issue in the prior adjudication is identical to the issue in the current adjudication. Additionally, the issue decided in the prior adjudication must have been essential to the prior judgment."[1]

See, also, Monarch Life Insurance Company v. Ropes & Gray, 65 F.3d 973, 978 (D.Mass.1995); Biggins v. Hazen Paper, 111 F. 3d 205, 209 (1st Cir. 1997).

The arbitration at issue was between the MBTA Police Superior Officers Association, and the Massachusetts Bay Transit Authority.[2] The MBTA Police Superior Officers Association was Nancy O'Loughlin's Union, her collective bargaining representative, and was the entity with authority to file for arbitration on her behalf. Nancy O'Loughlin was privy with the MBTA Police Superior Officers Association. The MBTA itself was a party to the arbitration and Chief Carter was bound by the award. He was privy with the MBTA. Accordingly, the requirement

---

[1] It should be noted that the "prior judgment" in TLT was an arbitration award.
[2] The appropriate name of the employer in the arbitration should have been "The Massachusetts Bay Transportation Authority."

that the parties against whom estoppel is asserted were parties or were in privity with the party to the prior adjudication, has been met.

Secondly, the arbitration award was indeed a final judgment on the merits in the prior adjudication.[3]

The third issue required for collateral estoppel or issue preclusion, identity of issues, is present as well. In the arbitration, the question posed by the arbitrator as being the issue to be decided, was whether there was just cause for Nancy O'Loughlin's demotion. He ruled that there was not. The issue decided in the arbitration was central, essential, to that arbitration decision.

One of the main issues in this case is whether there was a legitimate business reason for Lieutenant O'Loughlin's demotion. By holding in the arbitration that there was no just cause for Lieutenant O'Loughlin's demotion, the arbitrator has held that there was no such legitimate business reason.

The doctrine of collateral estoppel, issue preclusion, applies to this case.

If there was no legitimate business reason for Lieutenant O'Loughlin's demotion, and therefore the reason proffered by Defendants for her demotion is therefore false, the reason proffered for her demotion is a pretext.

---

[3] Plaintiff notes that there is still pending litigation between her union and the MBTA regarding the amount of money she is entitled to under the award of one year ago. As a result of that dispute, Arbitrator Buckalew issued a letter on March 2, 2007, clarifying his award. In response to that clarification, on or about April 5, 2007, the MBTA filed an action in Suffolk Superior Court seeking to either modify the arbitration award or vacate the award. To the extent the MBTA is now seeking to vacate the arbitration award, any such claim is without merit and is patently frivolous, as the time within which an application can be made to vacate an arbitration award pursuant to M.G.L. c.150(c) is 30-days after the issuance of the award. This Motion to Vacate is therefore over one year late, has been filed in bad faith and apparently has been filed solely to enable the MBTA to claim in the instant litigation that the arbitration award should not have preclusive effect. Plaintiff notes that in her Opposition to Defendants' Motion to Present Expert Testimony in this action, she argued that the reason the expert testimony was being proffered was solely to enable the MBTA to make a tangential attack on the validity of the arbitration award.

Under the doctrines of collateral estoppel and issue preclusioon, Defendants are estopped from either contesting the validity of the arbitration award in this action, claiming that there was indeed just cause for Nancy O'Loughlin's demotion, or claiming that there was a legitimate business reason for Nancy O'Loughlin's demotion.  As Defendants should not be allowed to either challenge the award or relitigate the issue of whether there was a legitimate business reason for the demotion, there are two possible outcomes this presents for the question of whether the demotion was based on discrimination or retaliation.

One outcome would be that, based upon Defendants inability to present evidence that there was a legitimate business reason for the demotion, the Court could enter judgment as to liability for Plaintiff on the issue of Plaintiff's demotion, and just litigate damages on that issue.

Secondly, the Court could hold that the collateral estoppel effect of the arbitration award has enabled Plaintiff to prove as a matter of law that the reasons advanced for her demotion were false, and were therefore merely a pretext.  The Court could then present the jury with the choice of whether the demotion was a pretext for discrimination and/or retaliation, or a pretext for something other than discrimination and/or retaliation.

**CONCLUSION**

For all of the foregoing reasons, it is respectfully requested that Plaintiff be allowed to make use of the arbitration award in the manner described in the beginning of this Motion.

>NANCY O'LOUGHLIN
>By her Attorney,
>
>/s/ Mitchell J. Notis
>
>_____
>Mitchell J. Notis, BBO #374360
>LAW OFFICE OF MITCHELL J. NOTIS
>370 Washington Street
>Brookline, MA 02445
>Tel.: (617) 566-2700

CERTIFICATE OF SERVICE

    I, Mitchell J. Notis, hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party to this action by electronic means using the Court's Electronic Case Filing System, on May 1, 2007

/s/Mitchell J. Notis

_____
MITCHELL J. NOTIS, BBO# 374360