UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY O'LOUGHLIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 04-10933 JLT |
| | ) |
| MASSACHUSETTS BAY | ) |
| TRANSPORTATION AUTHORITY, | ) |
| JOSEPH CARTER AND MICHAEL MULHERN | ) |
| | ) |
| Defendants. | ) |

**PRE-TRIAL MEMORANDUM OF DEFENDANT**
**MICHAEL MULHERN**

The defendant Michael Mulhern ("Mulhern") joins in the Pre-Trial Memorandum of the Defendants MBTA and Joseph Carter, and adds the following items specific to his case:

1. **Contested Issues of Fact**

Mulhern contends that, as the General Manager of the MBTA, he was not involved in the inner workings of the MBTA Police Department. More specifically, he was not involved in the conduct of which the plaintiff complains at the MBTA Police Department. Therefore, he cannot be considered an "aider and abettor" under c. 151B in any alleged retaliation, nor did he individually engage in any retaliation.

Furthermore, Mulhern said nothing of a defamatory nature to any reporter regarding the plaintiff, and specifically did not say that which is attributed to him in the plaintiff's Amended Complaint. In particular, he said nothing to suggest that the plaintiff had engaged in, or was being investigated for, criminal conduct. All statements that he did make to the reporter were true.

2. **Issues of Law**

    **(a)**     **Libel**

The plaintiff acknowledges that, as a police officer, she is a "public official" for purposes of libel law.  Therefore, she was must prove that any alleged defamatory statements were made by Mulhern with "actual malice."  New York Times Co. v. Sullivan, 376 U.S. 254. 280 (1964).   Furthermore, the plaintiff must show that the statement was intended to harm through falsehood.  Henry v. Collins, 380 U.S. 356 (1965).  The evidentiary standard for proving actual malice is hat of "clear and convincing" evidence.  Gertz v. Robert Welch, Inc. 418 U.S. 323, 343 (1974).  The plaintiff simply cannot meet these standards because there is absolutely no evidence that Mulhern harbored any ill will or malice toward her.

    **(b)**     **Retaliation**

The plaintiff does not attempt to assert any claims against Mulhern under Title VII, because she cannot do so under federal law.  She does, however, seek to circumvent the prohibition on individual liability by asserting pendent state claims against him under M.G.L. c.151B.  Under the latter statute, she must demonstrate that Mulhern engaged in retaliatory conduct *because of* her filing of an MCAD Charge (in which he was not even named as a respondent). See, e.g, Lewis v. Gillette Co., 22 F. 3rd 22, 25 (1st Cir. 1994) (causal link must be demonstrated, even to survive summary judgment).  The evidence in this case is unrebutted that Mulhern was not even aware that the plaintiff had filed an MCAD Complaint when he spoke with a reporter from The Boston Globe.

In addition, to support her state law retaliation claim against Mulhern, the plaintiff must demonstrate that she was subjected to an adverse employment action.  MacCormack v. Boston Edison Co., 423 Mass. 652, 663 (1996).  Mere "subjective feels of disappointment and

disillusionment" will not suffice.  Id.  The plaintiff cannot prove that she suffered an adverse employment action in this case.

### (c)     State Civil Rights Claim

The plaintiff also asserts that Mulhern violated M.G.L. c. 12, sec. 11H.  However, she fails to adduce any evidence whatsoever that Mulhern engaged in "threats, intimidation or coercion" for the purpose of compelling or deterring conduct.  Such proof is an essential element of a claim under this statute. A threat is "the intentional exertion of pressure to make another fearful or apprehensive of injury or harm."  Planned Parenthood League of Massachusetts, Inc. v. Blake, 417 Mass. 467, 474 (1994), cert. denied 513 U.S. 868 (1994).  "Intimidation involves putting in fear for the purpose of compelling or deterring conduct."  Id.  Coercion is "the active domination of another's will."  Delaney v. Chief of Police of Wareham, 27 Mass. App. Ct. 398, 409 (1989).  The plaintiff has absolutely no proof of any such elements.

### (d)     Federal Civil Rights Claim

The plaintiff also alleges that Mulhern violated her federal civil rights under 42 U.S.C. sec. 1983.  However, that statute requires that a defendant have deprived a plaintiff of a right, privilege or immunity under federal law.  Baker v. McCollan, 443 U.S. 137, 140 (1979).  The plaintiff cannot meet that standard because her only allegations against Mulhern relate to rights allegedly guaranteed to her under state law.

Furthermore, a state official sued in his individual capacity for monetary damages is entitled to raise a qualified immunity defense.  Shabazz v. Cole, 69 F. Supp. 2d 177, 205-06 (D. Mass. 1999). A public official performing discretionary public functions is shielded from civil damages.  See, e.g., Harlow v. Fitzgerald, 457 U.S. 800, 818-819 (1982). The plaintiff cannot overcome Mulhern's qualified immunity.

3.  **The Probable Length of Trial**

Mulhern believes that the trial will last eight to ten full trial days (and respectfully reminds the Court that leave has been granted for the trial to suspend on Wednesday, May 16 to allow his counsel to deliver a keynote address in Canada).

4.  **Witnesses**

Mulhern expects to testify on his own behalf and anticipates that his direct testimony, including examination by co-defendants, would encompass approximately four hours.

He also expects to call Boston Globe reporter Mac Daniel and anticipates that the direct examination of Mr. Daniel will encompass approximately one and a half to two hours. (Mulhern notes that the plaintiff has waived all claims pertaining to the Bay State Banner, and, therefore, it will not be necessary to call the reporter from that newspaper.)

Further, Mulhern anticipates called Joseph Pesaturo, the MBTA's spokesperson for media relations. Mulhern estimates that his direct examination of Mr. Pesaturo will encompass two hours.

Mulhern will also examine witnesses called by the plaintiff and by his co-defendants.

5.  **Exhibits**

Mulhern expects to rely upon exhibits proffered by his co-defendants. He also expects to offer the Globe article that forms the basis for the libel claim against him, as well as notes of Globe reporter Mac Daniel, redacted by Mr. Daniel to eliminate the name and telephone numbers of his confidential sources. (Mulhern notes that plaintiff has waived any objection based on the redaction of names and telephone numbers, while preserving any other objections she may have to the use of the redacted notes.)

US1Docs 6177583v1

6. **Motion in Limine**

Mulhern will file a Motion in Limine to preclude hearsay that was stricken from the plaintiffs papers in opposition to summary judgment.

US1Docs 6177583v1

Defendant Mulhern otherwise joins in the Pre-trial Memorandum of his co-defendants.

        MICHAEL MULHERN

        By his attorneys,

        /s/ Joan A. Lukey
        Joan A. Lukey (BBO# 307340)
        Gregory M. Reiser (BBO 155427)
        WILMER CUTLER PICKERING HALE
         AND DORR LLP
        60 State Street
        Boston, MA 02109
        (617) 526-6000

Dated:  May 1, 2007