# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NANCY O'LOUGHLIN,<br>　　　　Plaintiff,<br><br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY,<br>JOSEPH CARTER, and MICHAEL<br>MULHERN,<br>　　　　Defendants. | C.A. No. 04-10933 JLT |

### AFFIDAVIT OF DANIEL S. TARLOW

I, Daniel S. Tarlow, hereby depose and state:

1. I was trial counsel for the MBTA in the matter of John Martino v. MBTA, 01-10198-WGY, which went to trial in 2002. I am an attorney in good standing admitted to the Bar of Massachusetts and the United States District Court for the District of Massachusetts.

2. Current MBTA Deputy Chief John Martino ("Martino") filed a claim of retaliation against the MBTA with the MCAD in September 1997. The MCAD found lack of probable cause and dismissed the case. Martino filed a civil action in Superior Court in January 2001, which the MBTA removed to federal court in Boston.

3. Martino's retaliation claim consisted of three separate claims: (1) he claimed that he was denied a superintendent position by former MBTA Police Chief John O'Donovan in July 1997, (2) he claimed that he was demoted by new Chief Thomas O'Loughlin in a reorganization in October 1997, and (3) he claimed that he was transferred to an inferior position by Chief O'Loughlin in January 1999, when he was

reassigned to command the Detail Unit. Martino alleged that the denial of the superintendent position was retaliation by Chief O'Donovan for a deposition that Martino gave in September 1996 in the Dolores Ford-Murphy case. Martino alleged that the October 1997 demotion and the January 1999 transfer were retaliation by Chief O'Loughlin for his Ford-Murphy deposition and/or for his September 22, 1997 filing of an MCAD charge of retaliation (and his later amendment to that charge).

4. In 2002, Martino's retaliation claims proceeded to a jury trial presided over by Judge Young. The jury's verdict was that there had been no retaliation against Martino because of his deposition in the Ford-Murphy case. The jury did find that Martino was retaliated against because of his own MCAD complaint, which he initiated on September 22, 1997, and later amended. The jury awarded Martino $50,000 in damages.

5. The jury's verdict was a rejection of Martino's claim relating to the denial of the superintendent position, as Martino's only alleged protected activity, which occurred before the denial of the superintendent's position, was his deposition in the Ford-Murphy case.

6. It is unclear whether the jury found that Martino was retaliated against by virtue of his October 1997 demotion or his January 1999 reassignment to command of the Detail Unit. The jury verdict questionnaire did not require the jury to say which alleged adverse action it found to be retaliatory. A true and accurate rendition of the Jury Verdict form, with the manner in which the jury answered the questions, is attached hereto as Attachment 1 (I have not produced the original Jury Verdict form that is in my case file because it has my hand-written notations and analysis on it).

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 2nd DAY OF MAY 2007.

_____
Daniel S. Tarlow