UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 04-10933-JLT

**NANCY O'LOUGHLIN**
*Plaintiff*

v.

**MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY
and
JOSEPH CARTER
and
MICHAEL MULHERN**
*Defendants*

**PLAINTIFF'S REQUEST FOR JURY INSTRUCTIONS**

Plaintiff Nancy O'Loughlin hereby respectfully requests that the Court give the following instructions to the jury in this action:

1

**PLAINTIFF'S BURDEN OF PROOF**

Nancy O'Loughlin in an employee of Defendant MBTA.  She claims that when she was transferred to the MBTA Police Department Detail Unit in August, 2003, Defendants Joseph Carter and MBTA discriminated against her on the basis of her gender, her being a female, and that this transfer was not done for any legitimate business reason. Additionally, Nancy O'Loughlin claims that when she was disciplined in August, 2004, by being demoted from Lieutenant to the rank of Patrolman, this demotion was not based on any legitimate business reason, but rather was based upon either discrimination against her due to her gender, or retaliation against her for either having filed a prior charge of gender discrimination with the Massachusetts Commission Against Discrimination or having filed this lawsuit alleging discrimination.  In order to prove these claims for discrimination and retaliation, Nancy O'Loughlin must prove to you by a preponderance of the creditable evidence that Defendants MBTA and Joseph Carter intended to discriminate and/or retaliate against her, and that if not for Nancy O'Loughlin's status as a woman and/or someone who had complained of discrimination, the MBTA and Joseph Carter would not have either transferred her to the Detail Unit or demoted her to the rank of patrolman.

It is not necessary that you find that both the transfer to the Detail Unit as well as the demotion were either discriminatory or retaliatory.  You can find both to have been discriminatory or retaliatory, neither to have been discriminatory or retaliatory, or one but not the either to have been discriminatory or retaliatory.

Abramian v. President and Fellows of Harvard College, 432 Mass. 107, 115-119, 731 N.E.2d 1075, 1083-1086 (2000); Dartt v. Browning Ferris Industries, 427 Mass. 1, 12, 641 N.E.2d 526, 533 (1998); Blare v. Husky Injection Molding Systems, 419 Mass. 437, 445, 646 N.E.2d 111, 117 (1995).

**MOTIVE, INTENT OR STATE OF MIND**

In this case, the critical issue is why the Defendant MBTA (acting through MBTA Police Chief Joseph Carter) transferred Nancy O'Loughlin to the Detail Unit and then subjected her to a demotion.  It is unlawful to transfer an employee due to their gender, and it unlawful to demote a person because of their gender or because they have complained of discrimination in the past.  To decide this case, you will have to inquire into and determine the Defendants' motive, intent or state of mind.  You can examine the Defendants intent through both direct evidence, as well as circumstantial evidence.

**DIRECT EVIDENCE**

Sometimes motive, intent or state of mind can be proved directly; for example by a witness describing what his or her state of mind was or by a witness testifying to what a Defendant said that would be reflective of his or her state of mind.  Direct evidence is evidence that, if believed, would result in a highly probable inference that a forbidden bias was present in the workplace.  Direct evidence can consist of statements of a Defendant that suggest a discriminatory attitude toward woman or toward people who have filed claims of discrimination.

Wynn & Wynn v. MCAD, 431 Mass. 665. 666-667 note 20, 729 N.E.2d 1068, 1078 note 20 (2000); Northeast Metropolitan Regional Vocational School District v. MCAD, 31 Mass.App.Ct. 84, 89-90, 575 N.E.2d 77, 81082, certs. ert denied, 411 Mass. 1103, 579 N.E.2d 1361 (1991).

**CIRCUMSTANTIAL EVIDENCE**

Sometimes, intent or motive or state of mind must be proved indirectly or circumstantially. Here you may examine the Defendant's actions and words, and all of the surrounding circumstances, to help you determine what the Defendant's state of mind, or motive or intent was when Nancy O'Loughlin was assigned to the Detail Unit and when she was demoted. The law does not draw any distinction between the weight to be given to direct or circumstantial evidence; that is up to the jury. Circumstantial evidence permits you to draw reasonable inferences from facts and evidence. The inference proposed from the evidence need not be the only one possible; however, it must be a reasonable inference.

Brown v. Commonwealth, 407 Mass. 84, 89, 551 N.E.2d 531, 534 (1990); Abraham v. City of Woburn, 383 Mass. 724, 729-730, 421 N.E.2d 1206, 1201-1211 (1981).

**UNCONSCIOUS BIAS**

An employee may not necessarily be aware of his or her bias. Employment decisions that are made because of stereotypical thinking about people because of their race, color, national origin, sex, age or activities in filing claims of discrimination, whether conscious or unconscious, violate state and federal laws prohibiting discrimination.

Price Waterhouse v. Hopkins, 490 U.S. 228 (1989); Lipshitz v. Raytheon Company, 434 Mass. 493 (2001); Riffelmacher v. Board of Police Commissioners of Springfield, 27 Mass.App.Ct. 159, 163 (1989).

**PROVING DISCRIMINATION BY CIRCUMSTANTIAL EVIDENCE**

The laws under which Nancy O'Loughlin has filed this lawsuit, state that it is illegal to transfer someone to another position, in other words to discriminate against them, because of their gender. In this case, Nancy O'Loughlin has introduced circumstantial evidence of gender discrimination with regard to her transfer. In order to find in Nancy O'Loughlin's favor based upon the circumstantial evidence she has submitted, Nancy O'Loughlin must prove by a preponderance of the creditable evidence the following: [1] that Nancy O'Loughlin is female; [2] that Nancy O'Loughlin performed her job at an acceptable level; [3] that despite her qualifications Nancy O'Loughlin was transferred and

Here the Defendants contend and have offered evidence that the reason they transferred Nancy O'Loughlin related to work requirements or job performance. Because Defendants have produced evidence of a non-discriminatory reason for their actions, in order to find in Nancy O'Loughlin's favor as to the transfer in relation to the circumstantial evidence she has presented, Nancy O'Loughlin must also prove one further element of her claim, namely: [4] that the reason given by Defendants was not the real reason for transferring Ms. O'Loughlin, but was a pretext for discrimination. If Nancy O'Loughlin has proven that the asserted reason was false (in other words that the asserted reason was not believable, that it was just an excuse), then you may, but are not required to, infer that the employer is covering up a discriminatory intent, motive or state of mind.

Lipshitz v. Raytheon Company, 434 Mass. 493 (2001).

**PRETEXT**

Circumstantial evidence of discrimination can include proof that the reason given by Defendants for either the transfer or the demotion is not true, or if more than one reason was given, that at least one of the reasons given was not true, that is, the reason given was not the real reason for the transfer or the demotion.

If Nancy O'Loughlin has persuaded you that at least one of the employer's reasons is false, you may, but are not required to, infer that the employer is covering up a discriminatory intent, motive or state of mind.

Lipshitz v. Raytheon Company, 434 Mass. 493 (2001).

A reason that such an inference is allowable is because experience indicates that people do not generally act in a totally arbitrary manner, without any underlying reasons, especially in a business setting. In a situation where the legitimate reason or reasons advanced by the employer for taking an adverse action are rejected as not being the real or true reasons, one might reasonably conclude that it is more likely than not that the employer, who is generally assumed to act only with some reason, based its decision on impermissible considerations.

Blare v. Husky Injection Molding Systems, 419 Mass. 437, 441, 646 N.E.2d 111, 115 (1995); Wheelock College v. MCAD, 371 Mass. 130, 135, note 5, 355 N.E.2d 309, 313, note 5 (1976); Harrison v. Boston Financial Data Services, 37 Mass.App.Ct. 133, 136, 638 N.E.2d 41, 43 (1994).

**PRETEXT WITH REGARD TO THE DEMOTION**

In this case, Nancy O'Loughlin's demotion was overturned by an arbitrator who decided that there was not just cause for her demotion.   Under a doctrine called Collateral Estoppel, the Defendants MBTA and Joseph Carter are not legally allowed to contest in this lawsuit either the result of that arbitration decision, nor can they argue in this lawsuit that there was just cause for Nancy O'Loughlin's demotion.   Accordingly, I am instructing you that you are to find that the reason advanced by the MBTA and Joseph Carter for Nancy O'Loughlin's demotion was not true, that it was a pretext.

Although I am instructing you that the reason advanced by the MBTA and Chief Carter for Nancy O'Loughlin's demotion was a pretext, and that there was no just cause for the demotion, you still have to determine whether or not the real reason for the demotion was either discrimination due to gender, retaliation or something else.   As I have instructed you that the reason given by Defendants' MBTA and Joseph Carter for Nancy O'Loughlin's demotion was false, you may, but are not required to, infer that the employer is covering up a discriminatory intent, motive or state of mind.   I am instructing you that the evidence in this case is adequate for you to make such finding if you choose.

Lipshitz v. Raytheon Company, 434 Mass. 493 (2001).

## GENERAL ATMOSPHERE OF DISCRIMINATION

Circumstantial evidence may include evidence of a general atmosphere of discrimination at the place of employment.

**APPLICABILITY OF DISCRIMINATION AND RETALIATION LAWS TO POLICE DEPARTMENTS**

Police Departments such as the MBTA Police Department, are subject to the laws prohibiting discrimination and retaliation in the same way as are any other employers. The fact that they may rely on a "chain of command structure" or be considered "paramilitary organizations" do not in any way change the fact that they are subject to the laws prohibiting discrimination and retaliation in the same manner as any other employer.

**RETALIATION**

Nancy O'Loughlin claims that Defendants retaliated against her because she filed a complaint of sex discrimination with the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission, and additionally that Defendants retaliated against her because she filed this lawsuit alleging sex discrimination.  For your information, I inform you that after this lawsuit was filed alleging that the transfer to the Detail Unit was based on gender discrimination, Nancy O'Loughlin was demoted.  This lawsuit was later amended to claim that the demotion was based on either gender discrimination or retaliation.

To recover on this retaliation theory with regard to the demotion, Nancy O'Loughlin must prove to you by a preponderance of the credible evidence the following elements: [1] the Plaintiff engaged in protected activity by filing a complaint of discrimination with the Massachusetts Commission Against Discrimination or the Equal Employment Opportunity Commission, or by filing a lawsuit in this Court alleging discrimination; [2] that the Defendants were aware of those activities; [3] that the Defendants thereafter took an adverse employment action against the Plaintiff; and [4] but for the Plaintiff's protected activity, the Defendant would not have taken the adverse employment action against her.

Bain v. City of Springfield, 424 Mass. 758, 764-65, 678 N.E.2d 155, 160 (1997); MacCormack v. Boston Edison, 423 Mass. 652, 662-63, 672 N.E.2d 1, 7 (1996); Wheelock College v. MCAD, 371 Mass. 130, 138, 355 N.E.2d 309, 314-15 (1976); Ruffino v. State Street Bank and Trust, 908 F.Supp. 1019, 1044 (D.Mass 1995).

I instruct you that the demotion suffered by Nancy O'Loughlin legally constitutes an adverse employment action for the purposes of determining whether retaliation occurred.

**DEFINITION – PUBLICATION**

In order to find that the statements at issue were "published," you must find that they were communicated to someone other than the Plaintiff. There is no requirement that the statements be communicated to a large number of people. Additionally, the requirement of "publication" is not referring to a requirement that the defamatory statement actually be published in a newspaper. A person who republishes a defamatory statement is just as liable as if he or she had originally published it.

Jones v. Taibbi, 400 Mass. 786, 792, 512 N.E.2d 260, 264 (1987); Brauer v. Globe Newspaper Company, 351 Mass. 53, 56, 217 N.E.2d 736, 739 (1966).

**DEFAMATION IN GENERAL**

The Plaintiff has brought a suit against the Defendants charging them with slander, which is a type of defamation.  Slander refers to spoken words that are defamatory.

<u>Dragahetti v. Chmielewski</u>, 416 Mass. 808, 812, note 4, 626 N.E.2d 862, 866 (1994).

**DEFAMATION**

In order to prevail on her claim for defamation, Nancy O'Loughlin must prove by a preponderance of the evidence the following elements: [1] the Defendants published a statement of and concerning the Plaintiff; [2] the Defendants statements were defamatory in that they tended to hold the Plaintiff up to scorn, hatred, ridicule or contempt, in the minds of any considerable and respectful segment of the community; [3] the Plaintiff suffered actual injury or harm as a result of the publication in question.

Once the Plaintiff has proven the above elements, she must then prove by clear and convincing evidence the last element: [4] the Defendants published the defamatory statement with knowledge that it was false or the reckless disregard as to the truth or falsity of the statement.  Reckless disregard means that the Defendant or the Defendant's agent or agents entertained serious doubts as to the truth of the publication.

The element concerning proving that the Defendant knowingly or recklessly published the false and defamatory statement requires a higher burden of proof than other matters in this case, namely proof by clear and convincing evidence.

McNamee v. Jenkins, 52 Mass.App.Ct. 503, 506 (2001) (for reckless disregard there must be evidence that the Defendant entertained serious doubts as to the truth of publication); Rotkiewicz v. Sadowsky, 431 Mass. 748, 755, 730 N.E.2d 282, 289 (2000); Stone v. Essex County Newspapers, Inc., 367 Mass. 849, 867, 330 N.E.2d 161, 172 (1975).

**CLEAR AND CONVINCING EVIDENCE**

The burden of clear and convincing proof is sustained if the evidence induces in your minds a reasonable belief that the facts asserted are highly probably true, that the probability that they true or exist is substantially greater than the probability that they are false or do not exist.  If you then believe upon consideration and comparison of all the evidence in the case that there is a high degree of probability that the facts are true, you must find that the facts have been proven.

Callahan v. Western House Broadcasting, 372 Mass. 582, 588 note 3, 363 N.E.2d 240, 244 note 3 (1977).

**DAMAGES – DISCRIMINATION AND RETALIATION CLAIMS**

If the Plaintiff has proven to you that the Defendants unlawfully discriminated against her or retaliated against her, then you must decide the amount of damages, if any, which will fairly compensate the Plaintiff. The purpose of an award of compensatory damages is to make the Plaintiff whole for all of the losses that she has suffered because of the Defendants' unlawful discrimination or retaliation. The Plaintiff bears the burden of proof on damages. Although uncertainty in the amount of damages does not bar recovery and mathematical precision is not required, you must not speculate, conjecture or guess in awarding damages. The award is acceptable as long as it is based on just and reasonable inferences from the evidence. If you find that the Defendant unlawfully discriminated against the Plaintiff, then you may award damages in the following four (4) areas: [1] back pay; [2] front pay; [3] emotional distress; and [4] punitive damages. I will explain each to you.

**EMOTIONAL DISTRESS**

If you find that the Plaintiff has been discriminated against or retaliated against, you may also award her reasonable damages for her emotional distress. Emotional distress includes mental pain, discomfort, indignity, depression, fear, anxiety or humiliation suffered as a result of the discrimination or retaliation. Although uncertainty in the amount of damages does not bar recovery and mathematical precision is not required, you must not speculate, conjecture or guess in awarding damages. The award is acceptable as long as it is based on just and reasonable inferences from the evidence.

**PUNITIVE DAMAGES**

If you find that the Defendants have intentionally discriminated against or retaliated against the Plaintiff, you may consider whether punitive damages are warranted. Punitive damages are different from compensatory damages. Unlike compensatory damages, which compensate the victim for the harm she has suffered, the purpose of punitive damages is to punish the Defendant for conduct that is outrageous because of the Defendants' evil motive or reckless indifference to the rights of others. Punitive damages are appropriate where the Defendants' conduct warrants condemnation and deterrence.

In determining the amount of a punitive damage award, if any, you should consider: [1] the character and nature of the Defendants' conduct; [2] the Defendants' wealth, in order to determine what amount of money is needed to punish the Defendants' conduct and to deter any future acts of discrimination; [3] the actual harm suffered by the Plaintiff; and [4] the magnitude of any potential harm to other victims if similar future behavior is not deterred.

If you do award punitive damages, you should fix the amount by using calm discretion and sound reason.

Rowlett v. Anheuser Bush, 832 F.2d 194, 206-207 (1st Cir. 1987); Contardo v. Merrill Lynch, 753 F.Supp. 406, 412 (D.Mass. 1990); BMW of North America v. Gore, 517 U.S. 559 (1996).

**DAMAGES–DEFAMATION CLAIMS/COMPENSATORY DAMAGES**

If you have found that the Plaintiff has proven each of the elements I have given you regarding defamation, then you may award her money damages. The purpose of compensatory damages is to afford the equivalent in money for the actual loss caused by the wrong of another. Thus, in order to obtain damages, the Plaintiff must have proven to you by a preponderance of the evidence that she suffered actual injury as a result of the Defendants' defamatory publication. Actual injury includes not only out of pocket loss, but also impairment to the Plaintiff's reputation and standing in the community, personal humiliation, shame and disgrace, and mental suffering.

You may not award damages to the Plaintiff to punish the Defendant in relation to defamation claims. You must consider what amount of money would be full, fair and reasonable based on all of the evidence. The amount of damages should be based on just and reasonable inferences, even though there may be an element of uncertainty in your determination.

**CLAIMS UNDER 42 U.S.C. §1983**

This case involves a federal civil rights law, 42 U.S.C. §1983, which provides a remedy for individuals who have been deprived of constitutional or statutory rights by a person or entity acting under a color of state law. This civil rights statute states in part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state…subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured…"

In order to prevail on a §1983 claim, the Plaintiff must prove by a preponderance of evidence each of the following elements: [1] that the Defendant was acting under color of law; and [2] that the Defendants conduct deprived the Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.

**COLOR OF STATE LAW**

You may find that the Defendant acted under color of law if you find that he was clothed with the authority of the state or exercised power possessed by virtue of law.  Action under color of law includes the misuse of power possessed by virtue of state law and made possible only because the Defendant was clothed with the authority of state law.  Thus, even if you find that the Defendant acted in violation of state law, you may find that he acted under color of state law.

**DEPRIVATION OF A SECURED RIGHT**

The second element that the Plaintiff must prove is that she was deprived by the Defendants of rights, privileges or immunities secured and protected by the Constitution and laws of the United States.  This element has two subparts, each of which must be proved by a preponderance of the evidence: [1] you must determine whether there has been a deprivation of a federally protected right; and [2] you must determine whether the Defendants' conduct was causally connected to the deprivation.

NANCY O'LOUGHLIN
By her Attorney,


/s/ Mitchell J. Notis

_____
Mitchell J. Notis, BBO #374360
LAW OFFICE OF MITCHELL J. NOTIS
370 Washington Street
Brookline, MA 02445
Tel.: (617) 566-2700


CERTIFICATE OF SERVICE

     I, Mitchell J. Notis, hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party to this action by electronic means using the Court's Electronic Case Filing System, on May 1, 2007


/s/Mitchell J. Notis

_____
MITCHELL J. NOTIS, BBO# 374360

24