UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY O'LOUGHLIN, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>MASSACHUSETTS BAY )<br>TRANSPORTATION AUTHORITY, )<br>JOSEPH CARTER, and MICHAEL )<br>MULHERN, )<br>      Defendants. )<br>) | C.A. No. 04-10933 JLT |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE REGARDING USE AND IMPACT OF ARBITRATION AWARD

Defendants Massachusetts Bay Transportation Authority ( the "Authority") and Joseph Carter ("Carter")(collectively "defendants") hereby oppose Plaintiff Nancy O'Loughlin's "Motion in Limine Regarding Use and Impact of Arbitration Award." The MBTA and Carter have already moved to exclude the Arbitration Award on grounds of lack of relevance and undue prejudice. Certainly, nothing in plaintiff's motion suggests any reason that the arbitration decision should be allowed into evidence. This opposition will specifically address the argument that plaintiff puts forward about collateral estoppel. The bottom-line is that the Plaintiff's collateral estoppel argument is legally and factually wrong and unsound from a public policy standpoint.

Plaintiff claims that the arbitration award means "it has been conclusively established as a matter of law" that (1) there was no legitimate business reason for Plaintiff's demotion; (2) the reasons advanced for Plaintiff's demotion were a pretext; and (3) the only questions left for the

jury to decide are whether Defendants' reasons were a pretext for discrimination or retaliation or some other reason, and how much Plaintiff should get in damages.  The argument is wrong.

The "prior submission of a claim to arbitration may have a preclusive effect on the same claim in a subsequent court action." Blanchette v. School Committee of Westwood, 427 Mass. 176, 180 (1998). [1]  "The inquiry turns, in large part, on whether the 'right' or 'issue' on which preclusion is sought has been 'the product of full litigation and careful decision.'" Id. (citation omitted.)  Here, Plaintiff is "not seeking review of the arbitrator's decision … [but] asserting a statutory right independent of the arbitration process." Id., citing Alexander v. Gardner-Dever Co., 415 U.S. 36, 54 (1974).  Thus, the issues at stake in each proceeding are different.

Blanchette was a discrimination case concerning two different sets of rights: the private contractual rights set forth in the collective bargaining agreement (which prohibited discrimination based on, inter alia, "sex") and the statutory civil rights to be free from discrimination in the workplace set forth in G. L. c. 151B, § 4 (4) (which prohibits retaliation against persons who have opposed a discriminatory practice). 427 Mass. at 180-181. The language and scope of the rights granted by the statute differed from those of the contract. The arbitrator in the Blanchette case expressly recognized that her opinion and award pertained only to "contractual violations" and that there may have been additional "statutory [civil rights] violations" that she did not address. The arbitrator thus did not hear Blanchette's civil rights claim. Accordingly, the SJC rejected the application of claim preclusion because the rights

---

[1] "Collateral estoppel, now often called issue preclusion, prevents a party from relitigating at a second trial issues determined between the same parties by an earlier final judgment -- subject to various limitations." Biggins v. Hazen Paper Co., 111 F.3d 205, 209 (1st Cir. 1997) (citations omitted).  Like federal law, Massachusetts law requires a party to show that the identical issue was already litigated and decided in a previous proceeding before the doctrine may apply.  See Blanchette v. School Committee of Westwood, 427 Mass. 176, 180 n.3 (1998).  See also Martins v. Boston Public Health Comm'n, 77 Fed. Appx. 4, 5 (1st Cir. 2003) (citing Blanchette, supra).  Thus, it makes no difference whether the court relies on state or federal collateral estoppel doctrine, as both applications require that the identical issue have been litigated and decided in the previous proceeding.

2

involved had not been the subject of "full litigation and careful decision." Id. at 181. See DaLuz v. Department of Correction, 434 Mass. 40, 48 (2001).

Here, the arbitrator did not consider whether O'Loughlin's treatment by the defendants violated anti-discrimination or civil rights laws, as the plaintiff herself acknowledges. See Pl's Opp. to Def's Motion for Leave to Present Expert Testimony, at 5 ("[I]t has not been determined whether the reason for the double demotion was either discriminatory or retaliatory...") (emphasis in original). Indeed, the arbitrator in Plaintiff's case expressly noted that the reasons for Plaintiff discrimination charges filed with the MCAD were "not in the record."

The arbitrator made it clear that he was deciding a single issue: Whether there was just cause under the collective bargaining agreement for disciplining Plaintiff. It follows that whether there was a "legitimate business reason" for such discipline, or whether the reasons for discipline proffered by the defendants were "pretextual," were not the subject of full litigation and careful decision. These issues weren't even *considered* by the arbitrator, never mind litigated and decided. See Jackson v. Bunge Corp., 40 F.3d 239, 246 (7th Cir. 1994) (arbitration decision properly excluded at trial where "[t]he arbitrator never addressed the issue of whether [the defendant] had a retaliatory motive in discharging the plaintiff, but instead focused on whether [the plaintiff] was properly terminated pursuant to the collective bargaining agreement").

Moreover, Chief Carter made his decision to impose discipline based upon the results of the just cause hearing at which O'Loughlin declined to testify. The arbitrator heard from both sides, including O'Loughlin. Therefore, the arbitrator's decision, based on additional information, has no bearing on the quality of, and certainly not the motive for, Chief Carter's decision-making.

The fact that the union contract may refer to or even incorporate anti-discrimination statutes does not mean that the arbitrator considered or decided these issues.  See City of Boston v. MCAD, 39 Mass. App. Ct 234, 238 (1995) ("A prohibition against discrimination in a collective bargaining contract (as in the instant case) does not constitute a referral of statutory claims to arbitration.")  See also Blanchette, 427 Mass. at 182 (finding no significance in the fact that the contract in Alexander contained a general nondiscrimination clause, while the one in Blanchette expressly incorporated state and federal law).

To instruct the jury that the arbitrator's finding of "no just cause" means that the defendants' actions were pretextual and lacked a valid business reason would be impermissibly prejudicial to the defendants.  See Biggins v. Hazen Paper Co., 111 F.3d 205, 210 (1st Cir. 1997) ("We think that it would badly distort matters to tell the jury that in carrying out this task, it must accept that the Hazens' motivation in firing Biggins was wrongful or fraudulent. The glare from such an instruction would distort any effort to distinguish shadows or shades in the Hazens' actual motivation") (citing See Fed. R. Evid. 403). (Note: This is a case cited by Plaintiff).

Furthermore, Plaintiff's argument would violate public policy, as it would all but prevent employers from contesting liability in a subsequent civil suit filed by an employee who prevailed at arbitration under a CBA.  Under the law, an employer who prevails at arbitration cannot use the arbitration award to block the employee from subsequently filing a lawsuit for violation of her statutory civil rights.  That is because, as noted above, the employee's rights under the union contract are different from the right to be free from discrimination in the workplace.  See Alexander v. Gardner-Dever Co., 415 U.S. 36, 43 (1974).  Under Plaintiff's reasoning, however, any employee who prevails at arbitration not only can sue for violation of her civil rights, but can

4

use the award to all but bar the employer from contesting liability.  In essence, according to Plaintiff, the victorious employee need only take the arbitration award to a jury and say, "How much are you going to give me?"  Employees cannot have their cake and eat it too.  While they should not be prohibited from litigating their civil rights claims in a judicial forum, neither can they prohibit employers from defending themselves.

## CONCLUSION

For these reasons, the court should reject the argument that the arbitration decision has any preclusive effect in this trial.  For the reason set forth in defendants' motion in limine, evidence concerning the arbitration proceeding or decision should be excluded from evidence.

## REQUEST FOR ORAL ARGUMENT

Pursuant to L.R. 7.1 (D), the Defendants believe that oral argument may assist the court and wish to be heard.  Defendants respectfully request the Court to hear oral argument on this motion.

Respectfully submitted,

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY AND JOSEPH CARTER,

By their attorneys,

Joseph L. Edwards, Jr._____
Walter B. Prince, BBO# 406640
Joseph L. Edwards, Jr., BBO# 564288
Prince, Lobel, Glovsky & Tye LLP
100 Cambridge St. Suite 2200
Boston, MA 02114
(617) 456-8000