UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NANCY O'LOUGHLIN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 04-10933-JLT |
| | * | |
| MASSACHUSETTS BAY | * | |
| TRANSPORTATION AUTHORITY, | * | |
| JOSEPH CARTER, AND MICHAEL | * | |
| MULHERN, | * | |
| | * | |
| Defendants. | * | |

ORDER

May 3, 2007

TAURO, J.

After considering the parties submissions, this court hereby orders that:

1. Defendants' Motion for Leave to Present Expert Testimony at Trial [#73] is DENIED in that the court finds the proposed expert testimony unnecessary to inform a juror on the operation of a police department. Defendant Carter is free to testify as to his supervision methodology and his reasons for his employment decisions.

2) Defendants' Motion to take deposition from a priest (a late disclosed witness) [#74] is ALLOWED WITHOUT OPPOSITION.

3) Defendants MBTA and Carter's Motion for Leave for Joseph Carter to Appear at Trial Only During his Testimony [#76] is ALLOWED WITHOUT OPPOSITION.

4) Defendants MBTA and Carter's Motion in Limine to Exclude Arbitrator's Decision [#77] is ALLOWED.

5)   Plaintiff's Motion in Limine Regarding Arbitration Award by Nancy O'Loughlin [#79] is DENIED. The arbitrator decided a separate question from the one presented in this case. Admitting his factual determinations and conclusions would be unduly prejudicial. At the same time, it would be unfair to allow Defendants to argue that the discipline given to Plaintiff was entirely appropriate. As such, the court excludes reference to the arbitration report except as may be warranted in rebuttal to any defense allegation that the punishment was entirely typical and proper under regulations.

6)   Plaintiff's Motion in Limine Regarding Post Arbitration Conduct [#80] is DENIED.

7)   Plaintiff's Motion in Limine Regarding Tape Recorded Conversations by Nancy O'Loughlin [#81] is ALLOWED IN PART AND DENIED IN PART in that Defendants may use the tapes, but may not use them in the opening or until Defendants have laid a proper foundation.

8)   Defendant Mulhern's Motion in Limine to Preclude Testimony by Thomas J. O'Loughlin Regarding Alleged Statements by Mac Daniel [#84] is ALLOWED IN PART AND DENIED IN PART in that the court continues to view as hearsay any testimony about what Mac Daniel said to Thomas O'Loughlin about what Defendant Mulhern said to Mr. Daniel. Nonetheless, under Fed. R. Evid. 613(2) should Mr. Daniel testify that Defendant Mulhern never made such statements, Thomas O'Loughlin may be called to provide extrinsic evidence about this non-collateral matter. Such testimony would of course be admissible only for impeachment purposes, and not admissible for the truth of the matter asserted.

9) Defendant MBTA and Carter's <u>Motion in Limine to Exclude Evidence of Other Claims</u> [#87] is ALLOWED. The First Circuit does allow "evidence of a corporate state-of-mind or a discriminatory atmosphere," but accords substantial deference to district courts in determining whether such evidence is relevant to the claims asserted.[1] In deciding relevance, courts often consider factors including temporal proximity, identify of actors involved, similarity of events alleged, and whether or not the same protected class is allegedly involved.[2] After considering the nature of the other allegations, this court finds such testimony is not warranted in this case.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro    
United States District Judge

---

[1] <u>Cummings v. Std. Register Co.</u>, 265 F.3d 56, 64 (1st Cir. 2001) ("Rather, the trial court must consider the evidence in light of the entire case and determine whether it provides a basis for reasonable inferences related to the plaintiff's claim.").

[2] J. Ray Poole, <u>Limiting the Use of "Me Too" Evidence in Employment Discrimination Cases</u>, 75 Fla. Bar J. 81, 82 (June 2001) ("Although courts disagree over the extent to which 'me too' evidence is admissible, several common analytical factors run through the cases.").